[S. F. No. 526.   Department One.—July 8, 1897.]
HIBERNIA SAVINGS AND LOAN SOCIETY, RE-
SPONDENT, v. M. WILLIAM KAIN ET AL., APPEL-
LANTS.

FORECLOSURE OF MORTGAGES—PROPERTY NOT COVERED BY ALL MORTGAGES
—ERROR IN DECREE.—Upon the foreclosure of several mortgages,
where a certain lot of land is covered by some of the mortgages, and
not by others, it is error to decree such lot to be sold to satisfy all of
the mortgage liens; but the court should find separately the amount
due on the notes secured by the mortgages covering such lot, and the
amount due on the mortgages which do not include it, and render its
decree accordingly.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.   J. C. B. HEB-
BARD, Judge.

The facts are stated in the opinion.

*Sullivan & Sullivan*, for Appellants.

*Tobin & Tobin*, for Respondent.

BELCHER, C.—On eight different occasions between
May 19, 1888, and August 20, 1890, inclusive, the defend-
ants, M. William Kain and Emma B. Kain, his wife,
borrowed from the plaintiff, the Hibernia Savings and
Loan Society, certain sums of money, and for each sum
so borrowed they executed to the plaintiff their joint
and several promissory note and a mortgage to secure
payment of the same upon certain real property in the
city and county of San Francisco.   The first three
notes were for the aggregate sum of $9,500, and the
mortgages to secure the same were upon lots or parcels
of land which may be designated as lots A, B, and C.
The other five notes were for the aggregate sum of
$17,000, and the mortgages to secure the same were
upon the same lots A, B, and C, and another lot desig-
nated as lot D.

Subsequently, on December 15, 1891, the said de-
fendants borrowed from the defendant Louis Metzger the

sum of $2,000, for which sum they executed to him their joint and several promissory note and a mortgage to secure payment of the same upon the said lots A, B, C, and D.

The mortgagors failing to pay their indebtedness to the plaintiff, it brought this action to foreclose each of its said mortgages, making Metzger a party defendant. Metzger answered and filed a cross-complaint praying for the foreclosure of his mortgage also.

The defendants Kain suffered their defaults to be entered, and thereupon a decree was rendered foreclosing all the mortgages set up in the complaint and cross-complaint. From that decree this appeal is prosecuted by the Kains on the judgment-roll.

By its decree the court found and adjudged that there was due and owing to the plaintiff upon the notes and mortgages set forth in the complaint the sum of $28,213.87, and that the sum of $600 was a reasonable amount to be allowed plaintiff as an attorney's fee; that there was due and owing to the defendant Metzger upon the note and mortgage set forth in his cross-complaint the sum of $2,240, and that the sum of $100 was a reasonable amount to be allowed him as an attorney's fee; that the plaintiff and Metzger each had a valid lien upon the premises described in the complaint for the amount so found due each of them respectively, but that the plaintiff's lien was prior and paramount to that of Metzger. The decree then proceeded in the usual form to direct a sale according to law of all the mortgaged premises, or so much thereof as might be necessary to raise the amounts due the plaintiff and Metzger, together with interest, cost of the suit, counsel fees, and expenses of sale; that the proceeds of the sale be first applied to the payment of the costs of the sale, the costs of the suit, the counsel fee due the plaintiff, and the amount due the plaintiff, to wit, $28,213.87, with interest thereon from the date of the decree; that the balance then remaining be applied to the payment of the amount due the defendant Metzger, to wit, $2,240, with

interest thereon from the date of the decree, together with his counsel fee and costs; and that if the proceeds of the sale should be insufficient to pay the said amounts as directed, then judgment should be entered against the defendants Kain for such deficiency or deficiencies.

The only point made for a reversal is that the court erred in decreeing that plaintiff had a lien on the four lots, A, B, C, and D, for the aggregate indebtedness due from the appellants, and in ordering a sale of the four lots to satisfy said indebtedness. This point we think is well taken. Lot D was covered by the last five mortgages, but not by the first three. It was error therefore to subject that lot to the payment of all the indebtedness evidenced by the eight notes and mortgages. The court should have found the amounts due on the first three notes and on the last five notes, and then have rendered its decree accordingly.

The cause should be remanded with directions to the court below to modify the decree as above suggested.

HAYNES, C., and CHIPMAN, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded with directions to the court below to modify the decree as above suggested.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.