[No. 19090.   In Bank—October 10, 1893.]

## THE CITY OF LOS ANGELES, RESPONDENT, *v.* THE CITY BANK, APPELLANT.

BANKS—DEPOSIT OF CITY FUNDS—ILLEGAL CONTRACT—INTEREST.—Where a city entered into an illegal contract with a bank, by which the bank was to receive the public moneys of the city and pay interest thereon for one year, and the city at the end of ten months, on discovery of the illegality of the contract, demanded and received all the moneys deposited, but without interest, it cannot under such circumstances recover the interest in an action against the bank for money had and received.

ID.—PAYMENT OF PRINCIPAL BARS SUBSEQUENT RECOVERY OF INTEREST.—When interest is not specially contracted for, it is but an incident of the contract or obligation upon which it depends, and cannot be recovered in a separate action after payment of the principal.

ID.—INTEREST WHEN DUE.—In the absence of an expressed contract, the law only awards interest upon money from the time it falls due.

ID.—MATURITY OF MONEYS DEPOSITED—DEMAND.—Money deposited in bank without special contract is not due until demand, and, if paid on demand, no interest thereon is collectible.

ID.—IMPLIED CONTRACT—ILLEGAL CONTRACT.—The law will not presume a contract to pay interest where to have agreed directly to do so would be a felony, rendering the contract void.

ID.—PROFITS OF ILLEGAL USE OF MONEY.—Interest cannot be recovered under an illegal contract under the guise of profits.   The court will not lend its aid to a cause of action founded upon an illegal act; and a city cannot recover a profit upon the public moneys in violation of the constitution and statutes.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Burnett & Gibbon,* for Appellant.

*C. McFarland,* for Respondent.

Searls, C.—The 44th section of the city charter of the city of Los Angeles provided a mode by which the funds of the city should be deposited in such bank of deposit of the city as would pay the highest rate of interest thereon, etc.   (Statutes, 1889, p. 467.)

Pursuant to such section of the charter a contract was, after due notice, on the tenth day of March, 1890, entered into by and between the plaintiff and defendant by which the former appointed the latter the depository of the public money of said city, for the term of one year from the date of the agreement; the city agreed that the city treasurer should deposit with the bank, defendant, the public moneys then on hand and all that should come to his hands during the term.   Defendant agreed to pay interest on the deposit at the rate of three-eighths of one per cent per month, interest to be paid monthly and to be computed on daily balances.

The contract was executed by the mayor on behalf of the city and by the defendant.   On the same day a city ordinance was duly passed by the council and approved by the mayor, appointing the bank the depository of the public funds and directing the treasurer to deposit the same accordingly.

The public moneys were thereupon deposited with defendant until the interest thereon amounted to nine thousand seven hundred and twenty-one dollars and fifty-four cents, according to the contract.   Before the expiration of the year section 44 of the city charter was, in the case of *Yarnell* v. *City of Los Angeles*, 87 Cal. 603, decided unconstitutional and void by this court.

Thereupon the money was withdrawn from the bank, except the accrued interest, which was not paid, although afterward demanded.   The defendant is a commercial bank, engaged in the transaction of a general banking business, and receives money upon deposit, upon which it pays no interest except in special cases and upon specific contracts therefor.

The cause was tried by the court without the intervention of a jury, written findings filed, and judgment

entered thereon in favor of plaintiff for $9,721.54, and interest thereon from April 24, 1891, at 7 per cent per annum, amounting in the aggregate to $10,165.74.

Defendant appeals from the judgment and from an order denying a motion for a new trial.

The complaint contained three causes of action: one upon the special contract; a second upon an account stated, and the third for money had and received by defendant to plaintiff's use. A demurrer was interposed by defendant to each of the causes of action, and sustained as to the first and overruled as to the other two.

The findings negative the right of plaintiff to recover upon the account stated, and the judgment is based upon the count for money had and received to the use, of plaintiff. The question as to whether or not there was an account stated between the parties, upon which respondent has dwelt in the brief on file, need not be considered. That question is foreclosed by the action of the court below, which found against respondent on that point, and from which no appeal has been taken.

The real question involved may be stated thus:

1. Plaintiff and defendant entered into a contract, which they in fact deemed valid, but which was illegal.

2. By that contract, defendant was to receive the public moneys and pay interest thereon for one year.

3. At the end of ten months plaintiff, on discovery of the illegality of the contract, demanded and received all the moneys deposited, but without any interest.

4. Can plaintiff under such circumstances recover the interest in an action for money had and received?

A special agreement to pay interest gives a right of action to recover the interest whenever, under the contract, it becomes due. It is a part of the contract and may be enforced either separately or in connection with other obligations of the same contract; but when it is not specially contracted for, it is but an incident of the contract or obligation upon which it depends, and cannot be recovered in a separate action after payment of

the principal.   In such cases, except as provided by statute, it is recovered not as interest *eo nomine* but as damages for the detention of the principal debt or for failure to discharge the obligation.   (*American Bible Society* v. *Wells*, 68 Me. 572; 28 Am. Rep. 82.)   In that case it was said: "If, by the terms of a contract or a bequest, a party is entitled to interest, undoubtedly an action may be maintained to recover it, even after the principal has been paid.   But when the contract or bequest is silent as to interest, so that, if it can be recovered at all, it can only be recovered as damages, an action to recover it cannot be maintained after payment of the principal."   In *Tillotson* v. *Preston*, 3 Johns. (N. Y.) 229, it was said in a case where interest was not specially contracted for, that "if the plaintiff has accepted the principal he cannot afterwards bring an action for the interest."   (Sedgwick on Damages, sec. 338, 8th ed.; *Fake* v. *Eddy*, 15 Wend. 76; *Southern C. R. R. Co.* v. *Moravia*, 61 Barb. 180; *Tenth Nat. Bank* v. *New York*, 4 Hun, 429.

Wherever the question of the application of payments is left in doubt the law will apply them first to the extinguishment of interest due at the date of payment, and the rule we have mentioned has no application.

In the present instance no such doubt arises.   It was stipulated at the trial that the first cause of action in the complaint states correctly the history of the transaction between the city and the city bank, but defendant objected to its relevancy; the objection was overruled and the statement admitted in evidence.   That statement is in part as follows: "That there is now due said city of Los Angeles from said defendant, the city bank, for interest upon the public moneys deposited with said bank as aforesaid, the sum of nine thousand seven hundred and twenty-one dollars and fifty-four cents," etc.   Again, M. D. Johnson, the city treasurer, as a witness on behalf of plaintiff, testified as follows: "Witness received every cent that was claimed to be due the city, except these items of interest"; and further, "at the time the

witness withdrew all the money except the interest, the city had no claim against the city bank for anything except the interest that had accrued under the terms of that contract."

There is other testimony in the record of like import, from all of which we think it clear that defendant paid and plaintiff received as such the entire amount of the principal sum deposited with it, and that the balance due, if any, was on account of the accrued interest, which, as we have attempted to show, cannot be recovered. We have spoken of the rule in reference to interest as defined by the courts, independent of statutory provisions.

The Civil Code, section 3290, would seem to apply a similar doctrine to express contracts for the payment of interest with that applied to implied contracts. It reads as follows: "Accepting payment of the whole principal, as such, waives all claim to interest."

But was any interest due? That the attempted contract was void is conceded on all hands. The case then stands thus: Plaintiff, without any contract for interest, deposited with defendant, a commercial bank (which, as was well known, received general deposits, but did not, in the absence of a special contract, pay interest thereon), certain money, which upon demand was returned to it.

Under such circumstances no implied agreement to pay interest can be evolved from the transaction. If it be contended that the law provides for interest, and that such law in every case becomes a part of the contract, whether express or implied, the answer must be that in the absence of an express contract the law only awards interest upon money from the time it falls due. (Civil Code, sec. 1917.)

It is given "on moneys received to the use of another and detained from him." In the present instance the money was not due until demanded. It was not *detained from plaintiff* for the reason that upon demand it was paid over.

The position of plaintiff is ingenious, but analyzed it amounts to this: Plaintiff deposited money with defendant under a contract for the payment of interest by the latter, and providing that the deposits should continue to be made and to include all the public moneys for the space of one year. At the end of say ten months it violated the contract by ceasing to so deposit, and withdrew all funds on deposit.

Had the contract been valid and an entire contract plaintiff could not have recovered under it at all. If a divisible contract, plaintiff could have recovered as to the portion completed and separable from the part violated, subject to a recoupment by defendant to the extent of the damages suffered by the violation. But the contract was void. Plaintiff had no right to make it. To do so was a violation of the constitution and general law. It was a felony (*Yarnell* v. *City of Los Angeles*, 87 Cal. 603; Penal Code, sec. 424); hence plaintiff is in a better position than it would have been had the contract been valid.

And we are in effect asked to hold that the law will presume a contract to pay interest where to have agreed directly to do so would be a felony. We say in effect, because it is apparent that it is the interest which is sought to be recovered, and to call it profits does not alter the principle.

It is submitted that an agreement to pay interest on a contract will not be implied where the parties could not, by a special contract, have provided therefor. Plaintiff was not entitled to recover the money loaned to or deposited with the defendant, by reason of the special contract, but independent of it. Its right to recover the money in such a case is founded upon the equitable principle that defendant has money of the plaintiff which it would be unjust for him to retain, and hence may be required to return, and usually in such cases the void contract cuts no figure. So long as the void contract is executory, either party thereto having paid money on account thereof may recover it back. If

the defendant refuses to return money so paid on demand he will be liable for interest from the date of his refusal, or in a proper case may be converted into an involuntary trustee and held for profits.

There is a wide distinction between that class of contracts which are unlawful in the sense that the law will not enforce them, and which we usually term void contracts, and that other class which are designated as *illegal* contracts.

Wharton in discussing this distinction, at section 336 of his work on contracts, says: "A void contract is to be distinguished in this respect from an *illegal* contract. Money paid in furtherance of an illegal contract cannot be recovered back. But it is otherwise as to money paid in furtherance of a contract which by statute is void, but not illegal, as is the case of contracts void under the statute of frauds. An illegal contract may be repudiated by either party."

Again, it is said at section 340: "No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from plaintiff's own stating, or otherwise, the cause of action appears to arise *ex turpi causa*, or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff;" and at section 741 it is said: "As we have already seen, money which has been paid for an illegal purpose cannot be recovered back when the purpose has been put in operation. It is otherwise as to money paid on an executory illegal agreement when the party suing is not implicated in a continuous criminal design."

We have seen that, independent of the illegal contract, there is nothing in the evidence upon which to predicate a claim on the part of the plaintiff for interest. To treat the contract as in existence, a contract which would render all the parties concerned criminals in the eyes of the law, and to say that plaintiff can un-

der such circumstances recover a profit upon the public moneys, in violation alike of the constitution and the statutes, would tend to encourage public officers to violate their duty.

Nor can the contract serve as a shield to earn illicit gains and then be repudiated for the purpose of recovering them by an action for money had and received. To permit this would be in effect to enforce the illegal transaction. Neither law nor equity in such a case converts the defendant into an involuntary trustee, or does more than to say that a plaintiff thus situated can gain no profit by an open and palpable violation of the law.

The exceptions to this rule arise in cases where the parties are not in *pari delicto*, or where one of the parties is the victim of duress or fraud, or superior influence, and have no application to the case at bar.

The judgment and order appealed from should be reversed, and the court below directed to dismiss the action.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the court below directed to dismiss the action.

DE HAVEN, J.,   HARRISON, J.,
McFARLAND, J.,   FITZGERALD, J.

Rehearing denied.