[L. A. No. 3291. In Bank.—February 13, 1913.]

MRS. S. M. HAYT, Respondent, v. GEORGE R. BENTEL, Appellant.

VENDOR AND VENDEE—FAILURE TO PAY INSTALLMENTS WHEN DUE—BELATED TENDER—WAIVER OF DELAY BY VENDOR.—The rule that a vendee under a contract for the sale of land who has, without excuse, failed to make payments of installments of the purchase price as they fell due, cannot, by a belated tender, put the vendor in default and thus establish a right to recover the sums paid under the contract, does not apply to a case where the vendor has waived the delay in making payments.

ID.—TIME OF ESSENCE—FAILURE TO EXACT FORFEITURE—MATURITY OF ENTIRE CONTRACT PRICE—CONCURRENT CONDITIONS—OFFER OF PERFORMANCE BY VENDOR.—Where the vendor under a contract making time of the essence, and giving him the option, upon default of the vendee, to declare the whole purchase price due or to cancel the contract, re-enter and take possession of the premises and retain all moneys paid by the vendee as rent for use and occupation, permits the entire contract price to become due, without exercising his option to declare a forfeiture, the payment of the price then becomes a dependent and concurrent condition, nonpayment alone does not put the vendee in default, and the vendor must tender a deed as a condition to demanding payment of the price, and he cannot, without such tender, declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate installment.

ID.—LACHES OF VENDEE—DELAY OF VENDEE DOES NOT AFFECT RIGHT TO RESCIND—INABILITY TO GIVE GOOD TITLE.—Where the provision of such contract making time of the essence has once been waived, mere delay by the vendee, short of the statutory period of limitation, in making a tender, will not constitute laches, in the absence of a showing that the delay has prejudiced the vendor. Such delay would not affect the right of the vendee to rescind the contract for inability on the part of the vendor to make a good title.

ID.—ACCEPTANCE OF PART OF FINAL PAYMENT AFTER MATURITY.—The waiver by the vendor of the right to insist upon prompt payment is established by his acceptance of a part of the final installment of the purchase price long after it became due.

ID.—AGREEMENT TO PAY BALANCE AT TIME OF WAIVER.—After such a waiver has been made, the fact that the parties agreed, at the time the belated payment was accepted, that the vendee would pay the balance upon the delivery of the deed, is immaterial to the right of the vendee to subsequently rescind for inability of the vendor to give a good title.

ID.—DEFECT OF PARTIES—NONJOINDER OF HUSBAND OF MARRIED WOMAN AS PLAINTIFF—WAIVER OF OBJECTION.—The objection that the plaintiff was a married woman, and that her husband should have been joined with her, is in effect a plea of defect of parties plaintiff, which, if not taken by demurrer, where appearing on the face of the complaint, or by answer, is deemed waived. A mere denial in the answer of an allegation in the complaint that the plaintiff is an unmarried woman is insufficient to set up such plea.

ID.—INTEREST ON INSTALLMENTS NOT ALLOWED.—An action by the vendee to recover installments of the purchase price paid, on account of the inability of the vendor to give a good title, is in effect an action for money had and received, in which the right is based upon a want or failure of consideration. Until rescission, or a demand for repayment, nothing was due, and interest on such installments from the time of their payment is not recoverable. No different conclusion would follow if the action were construed as one based on fraud.

ID.—ABSENCE OF SHOWING OF POSSESSION BY VENDEE—FAILURE TO OFFER TO RESTORE POSSESSION.—In such action, where neither the complaint nor answer averred that the vendee ever received or took possession of the land contracted to be sold, the vendee's notice of rescission was not rendered ineffectual for want of an offer to restore the possession. An averment in the complaint that the parties agreed for possession by the vendee, does not show that possession was in fact delivered.

ID.—POSSESSION BY VENDEE NOT PRESUMED.—It will not be presumed in such action, for the purpose of overthrowing a judgment for the vendee, that the possession was in the vendee.

ID.—PLEADING—RECITALS IN CONTRACT EMBODIED IN COMPLAINT.—Recitals in a contract incorporated in a complaint will not supply the want of essential averments in the pleading. Consequently, the mere annexing to the complaint of a contract providing that the purchaser shall have possession cannot be treated as equivalent to an averment that possession was in fact transferred.

ID.—RESCISSION OF CONTRACT MAY BE HAD IN ACTION.—Even if the contract had not been formally rescinded by the vendee before the commencement of the action, that relief could be had under a prayer therefor in the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, and Millsap & Sparks, for Appellant.

Smith, Miller & Phelps, for Respondent.

SLOSS, J.—On June 29, 1905, the parties entered into a written contract for the purchase by plaintiff from defendant of a lot in the city of Ocean Park, county of Los Angeles. The purchase price was eight hundred and twenty-five dollars, of which two hundred and seventy-five dollars was to be paid on the signing of the agreement, two hundred and seventy-five dollars on or before the twenty-ninth day of June, 1906, and two hundred and seventy-five dollars on or before the twenty-ninth day of June, 1907, deferred payments to bear interest at the rate of seven per cent per annum, payable semiannually. Time was made of the essence. By the contract, a copy of which is annexed to the complaint, the purchaser was to have immediate possession of the premises, and was to pay all taxes and assessments levied against the property. It was provided that in case of default on the part of the plaintiff, defendant at his option might declare the whole sum due, or might cancel the contract, re-enter and take possession of the premises, and retain all moneys paid by plaintiff as rent for use and occupation. Upon payment of all sums due from plaintiff, defendant agreed to execute and deliver to plaintiff a good and sufficient bargain and sale deed together with a certificate of title showing a title, free and clear of encumbrances, to be vested in plaintiff.

The complaint alleges that plaintiff made the following payments:

| | |
|---|---:|
| On June 29, 1905 | $275.00 |
| July 16, 1906, as principal | 275.00 |
| July 16, 1906, interest on deferred payments | 38.50 |
| October 29, 1908, on principal | 50.00 |
| October 29, 1908, interest on deferred payments to December 29, 1908 | 48.15 |
| Total | $686.65 |

It is alleged that on October 29, 1908, plaintiff paid and defendant accepted fifty dollars on the third installment, together with interest upon all deferred payments to and including December 29, 1908; that it was then understood and agreed between the parties that as soon as the deed was executed and delivered to plaintiff she would pay the balance due. Plaintiff has ever since, as she alleges, been ready and willing to pay such balance. On October 15, 1909, plaintiff tendered defendant such balance, and demanded a deed and certificate of title, but defendant refused to execute such deed, and informed plaintiff that he could not deliver a conveyance or certificate, inasmuch as the title to the property was encumbered and defective, and had been so at all times since the execution of the contract. A subsequent tender and demand in writing are set forth, together with refusal by defendant, followed by a notice of rescission from plaintiff to defendant, with a demand for repayment of all sums paid under the contract. The complaint alleges, further, that at the time of the execution of the contract the property was not free from encumbrances, but the title was then, and has ever since been clouded; that these facts had at all times been known to defendant, but not known by plaintiff until October 15, 1909, and that all moneys obtained by defendant from plaintiff had been taken and received in fraud of plaintiff's rights.

The prayer of the complaint was that the contract be rescinded, and that plaintiff recover the moneys paid by her under the contract, with interest.

The answer denied a number of the foregoing allegations. The findings were in favor of all the averments of the complaint. Judgment was given in favor of plaintiff for $891.30,

being the sum of the various amounts paid by her under the contract for principal, interest, and taxes, together with interest from the date of each payment.

The defendant appeals from the judgment, bringing up the evidence by means of a bill of exceptions.

There is no merit in the appellant's claim that, on the facts alleged and found, the plaintiff is not entitled to any relief, because she had been in default in making payments under the contract. In this regard, reliance is placed upon *Glock* v. *Howard etc. Co.*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]. In the opinion in that case, the *status* of a defaulting purchaser under a contract for the sale of real estate is fully discussed, and the rule declared that such a purchaser, who has, without excuse, failed to make payment of installments as they fell due, cannot, by a belated tender, put the seller in default and thus establish a right to recover the sums paid under the contract. But this undoubtedly sound doctrine does not apply to a case where the vendor has waived the delay in making payments. Such waiver is alleged and found here. On October 29, 1908, the plaintiff was in default. On that date she paid to the defendant, and the latter accepted, the sum of $98.15, being fifty dollars on account of principal, and $48.15 for interest to December 29, 1908. The time for the payment of all installments had then elapsed; indeed, the final payment was already, under the terms of the contract, past due. These facts bring the case precisely within the principle declared in *Boone* v. *Templeman*, 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947]. There the court declared the rule to be that where the vendor, under an agreement like the one before us, permits the entire contract price to become due, without exercising his option to declare a forfeiture, "the payment of the price then becomes a dependent and concurrent condition, nonpayment alone does not put the vendee in default, the vendor must tender a deed as a condition to demanding payment of the price, and he cannot, without such tender, declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate installment." The same case lays down the doctrine that, where the provision making time of the essence has once been waived, mere delay by the vendee, short of the statutory period of limitation, in making a tender will not constitute laches in

the absence of a showing that the delay has prejudiced the vendor. In *Boone* v. *Templeman,* the vendee was permitted to maintain a suit for specific performance. If delay in tendering payment did not deprive him of the right to this relief the delay of the plaintiff in this case could not affect her right to rescind the contract for inability on the part of the vendor to make a good title. The waiver of the right to insist upon prompt payment is established by the acceptance of a part of the final installment long after it was due. The allegation and finding that the parties then agreed that plaintiff would pay the balance upon delivery of the deed is immaterial. It is of no importance, therefore, to consider the point made by appellant that the evidence does not sustain this finding. The alleged agreement provided for no more than would, as we have seen, be implied in law from the waiver of the delay in payment. The views expressed render it unnecessary, also, to pass upon the respondent's claim that the party first in default was the defendant, who made the contract with knowledge that he could not give a good title.

The complaint alleges, and the answer denies, that plaintiff is an unmarried woman. There is a finding in favor of the averment of the complaint. The appellant assails the finding as unsupported. The point made is that, if plaintiff was a married woman, her husband should have been joined with her. (Code Civ. Proc., sec. 370.) But this objection, if otherwise well founded, should have been specially set up by answer. It amounted to a plea of defect of parties plaintiff, which, if not taken by demurrer (where appearing on the face of the complaint), or by answer, is deemed waived. (Code Civ. Proc., sec. 434; *Grain* v. *Aldrich,* 38 Cal. 514, [99 Am. Dec. 423] ; *Work* v. *Campbell, ante,* p. 343, [128 Pac. 943].) A mere denial that plaintiff is an unmarried woman does not constitute a plea of defect of necessary parties plaintiff.

It is argued that the court erred in allowing plaintiff interest on the sums paid by her from the dates of the respective payments. We think this position is well taken. In the absence of an agreement to pay interest, the law "only awards interest upon money from the time it becomes due." (*City of Los Angeles* v. *City Bank,* 100 Cal. 22, [34 Pac. 510] ; Civ. Code, sec. 1917.) Plaintiff's suit was not based upon any provision of the contract. It was an action for money had and

received, in which the right was based upon a want or failure of consideration. (*Thomas* v. *Pacific Beach Company,* 115 Cal. 136, [46 Pac. 899].) Until rescission, or a demand for repayment, nothing was due, and interest was not allowable. (*Hellman* v. *Merz,* 112 Cal. 661, [44 Pac. 1079].) No different conclusion would follow if, as urged by respondent, the action be viewed as one based on fraud. Even in that aspect, no money was due plaintiff until she exercised her right to demand the return of the sums paid.

The point is made that since, under the contract, the plaintiff was entitled to possession of the premises, her notice of rescission was ineffectual for want of an offer to restore such possession. But there is no allegation, in either the complaint or the answer, that plaintiff ever did receive or take possession of the lot. The contract is annexed to the complaint and made a part thereof. But all that is *averred* is that the parties made an agreement for possession, not that possession was in fact delivered. Recitals in a contract incorporated in a complaint will not supply the want of essential averments in the pleading. (*Mayor etc. of L. A.* v. *Signoret,* 50 Cal. 298; *Burkett* v. *Griffith,* 90 Cal. 532, [25 Am. St. Rep. 151, 13 L. R. A. 707, 27 Pac. 527] ; *Etate of Cook,* 137 Cal. 191, [69 Pac. 968].) The rule is well illustrated by the case of *Hibernia S. & L. Soc.* v. *Thornton,* 117 Cal. 481, [49 Pac. 578]. There an action was brought upon a promissory note. The complaint alleged the making of the note, setting forth a copy thereof, demand, and nonpayment. The note contained the following clause: "This note secured by a mortgage of even date herewith." The defendant contended that the recital showed that the note was secured by mortgage, and that plaintiff's only remedy being to sue for foreclosure (Code Civ. Proc., sec. 726), an action on the note alone could not be maintained. But the court declined to give such effect to the recital, saying "There is . . . no averment in the complaint that the note was secured by a mortgage, and the recital to that effect in the note cannot, as matter of pleading, be treated as the equivalent of such averment. It is only by inference or argument from this recital that it can be assumed that a mortgage was ever executed, and the rule is as much in force under the code as at common law that argumentative pleading is not permissible." For like, if not stronger, reasons the

mere annexing to the complaint of a contract providing that the purchaser shall have possession cannot be treated as equivalent to an averment that possession was in fact transferred. To give such effect to the language of the complaint would be, in effect, a holding that the mere pleading *in haec verba* of a contract constituted an allegation that all of its terms had been performed.

There is, therefore, nothing on the record to show in whom the possession of the lot was during the life of the contract or at the time of the judgment. We will not presume, for the purpose of overthrowing the judgment, that such possession was in plaintiff. If the defendant had desired to protect his rights in this regard, he should have made them appear by pleading or otherwise before the proceedings in the trial court were concluded.

We have not thought it necessary to consider whether plaintiff's rights accrued by reason of her notice of rescission. Even if the contract had not been rescinded before the commencement of the action, the complaint prayed that it be rescinded by the judgment of the court. This was a proper form of relief. (Civ. Code, sec. 3406.)

There are no other points requiring notice.

The cause is remanded, with direction to the trial court to modify the judgment by deducting from the amount recovered all sums shown by the findings to have been allowed as interest for any period prior to the fourth day of February, 1910, the date of the demand for repayment. As so modified the judgment shall stand affirmed.

Angellotti, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.