[Civ. No. 1706.    Second Appellate District.—February 11, 1916.]

W. N. WHITE, Respondent, v. STANDARD LUMBER & WRECKING COMPANY (a Corporation) et al., Appellants.

Action on Promissory Notes—Payment—Acceptance of Order—When Action not Premature—Credit on Notes.—In an action on promissory notes, which by their terms were due when the action was commenced, where it appeared on cross-examination of the plaintiff that he had accepted as payment on the notes a certain order for the payment of money drawn on a third party payable after the time the action was commenced, which order was for an amount less than the face of the notes, it cannot be said that the action was prematurely commenced, but the amount of the order should be credited on the amount found due on the notes, and it is immaterial whether a judgment obtained on the order was paid.

Id.—Liability of Indorsers—Waiver of Demand, Protest, and Notice.—Where promissory notes state that "the makers and indorsers of this note hereby waive diligence, demand, protest, and notice," the indorsement on the back of the notes constitutes a waiver without any separate statement thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Barstow, Beach & Rohe, for Appellants.

Edward Dietrich, for Respondent.

CONREY, P. J.—The defendants appeal from an order denying their motion for a new trial and from the judgment. The complaint is based upon two promissory notes dated May 17, 1911, due respectively five and six months after date, and each being for the principal sum of $749.41, with interest. These notes were executed by Standard Lumber & Wrecking Company and made payable to the Westport Lumber Company or order, and through subsequent assignments became the property of the plaintiff. The defendants by their answer alleged that the first note was fully paid, and denied "that no part of the principal or interest on the second note has been paid, except the interest credited thereon as shown by the complaint," and denied that the said principal sum and interest, as stated in the complaint, is wholly due and unpaid. The plaintiff was the only witness at the trial of the case. On cross-examination he said: "I received the following order which was given as in payment of these notes: 'Los Angeles, Cal., Oct. 18th, 1912. Mr. C. W. Rogers, City. Dear Sir: Please pay to the order of Mr. Deitrich, of the firm of Haas & Dunnigan, the sum of one thousand dollars ($1000.00) and charge to my account. Yours truly, W. W. Wilcox,' which was accepted as follows: 'Accepted to be paid December 24th, 1913. C. W. Rogers,' but the order was not paid." The complaint in this action was filed October 25, 1913.

On these facts the appellants claim two defenses: First, that the action was prematurely brought; second, that the amount of the foregoing accepted order should have been credited by the court on account of said notes. The first of these defenses is not sustained. The notes were due by their terms, and at the time of the commencement of this action the plaintiff was entitled to sue for any balance unpaid thereon. The other matter of defense above noted was established by the evidence. The plaintiff having received the order as in payment of the notes, on his own responsibility submitted to an acceptance for a date more than one year later than the date of the order. He admits that at some subsequent time he recovered judgment against Rogers on that order. Whether that judgment was paid is not shown and is not material to this case. It may perhaps be reasonably inferred

from the testimony that in giving the order in question Wilcox was acting as president of the defendant corporation, although that fact is not definitely set forth.

On behalf of appellants Wilcox, Moran, and Lynn it is further insisted that the complaint does not state a cause of action against them. Immediately following the copy of the note set forth in each count of the complaint, we' have the words, "Indorsements as follows," followed by the names of these three defendants. Then follows a form of guaranty of payment and waiver of demand, etc., with the same three names repeated; but there is not in the complaint nor in any amendment thereof any allegation of the execution of such contract of guaranty or waiver. Such allegation was necessary if the plaintiff desired to rely upon waiver as an excuse for failure to make presentation and give notice of dishonor. "Recitals in a contract incorporated in a complaint will not supply the want of essential averments in the pleading." (*Hayt* v. *Bentel*, 164 Cal. 681, 686, [130 Pac. 432].) Here, however, it cannot be claimed that the form of indorsement of guaranty agreement constituted any part of the notes in question, of which defendant corporation was the maker.

The only allegation at all touching upon this matter is in these words: "That thereafter the defendants, W. W. Wilcox, James Moran and J. M. Lynn, indorsed the aforesaid note by signing their names thereto as follows: W. W. Wilcox, James Moran and J. M Lynn." This was sufficient as an allegation showing that they were indorsers of the note, but no cause of action could arise against them as such indorsers without an allegation showing due presentation to the maker, dishonor, and notice to such indorsers. (*Navajo County Bank* v. *Dolson*, 163 Cal. 485, [41 L. R. A. (N. S.) 787, 126 Pac. 153].)

It appearing that the judgment against Standard Lumber & Wrecking Company is for an excessive amount and that no cause of action was stated against the other defendants, it is ordered that the judgment and order be and they hereby are reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 7, 1916, and the following opinion then rendered thereon:

CONREY, P. J.—A decision was filed herein on February 11, 1916. At that time, in stating our conclusion that the complaint failed to state a cause of action against the defendants Wilcox, Moran, and Lynn, our attention was directed to the form of guaranty and waiver on the back of the notes, as to which we found that the complaint did not allege the execution of any such guaranty or waiver. We overlooked the fact that within the notes themselves it was stated that "the makers and indorsers of this note hereby waive diligence, demand, protest, and notice." That language being contained in the notes, the indorsement by said defendants on the back of each note constituted a waiver without any separate statement thereof. (Daniel on Negotiable Instruments, 6th ed., sec. 1092.)

The decision of this court herein is hereby modified by striking therefrom the final paragraph, which was as follows: "It appearing that the judgment against Standard Lumber & Wrecking Company is for an excessive amount and that no cause of action was stated against the other defendants, it is ordered that the judgment and order be and they hereby are reversed." In lieu thereof we substitute the following: "It appearing that the judgment is for an excessive amount, it is ordered that the judgment and the order denying a new trial be and they hereby are reversed."

Respondent's petition for a rehearing is denied.

James, J., and Shaw, J., concurred.