[Civ. No. 1764.    Third Appellate District.—August 1, 1918.]

## KASPER GERO et al., Appellants, v. W. H. RICHEY et al., Respondents.

VENDOR AND VENDEE — PURCHASE PRICE PAYABLE IN INSTALLMENTS — INTEREST ON DEFERRED PAYMENTS.—Interest on payments of installments of the purchase price of land under a contract was not payable where the contract was for a fixed sum and fixed installments and contained no agreement for the payment of interest.

ID.—CONTRACT—UNAMBIGUOUS INSTRUMENT—INTERPRETATION NOT REQUIRED.—Where a contract is a complete workable and unambiguous instrument, it does not require either evidence of usage or implication of law to interpret it.

ID.—PLEADING—CONTRACT SET FORTH IN COMPLAINT—ALLEGATIONS IN CONFLICT WITH CONTRACT—STRIKING OUT.—Where a contract is set forth in full in a complaint, allegations of fact in direct conflict with the contract itself are properly stricken out as conclusions of law and also redundant and contradictory to the contract.

APPEAL from the Superior Court of San Joaquin County. George F. Buck, Judge.

The facts are stated in the opinion of the court.

George F. McNoble, for Appellants.

O. B. Parkinson and Parkinson & Parkinson, for Respondents.

BURNETT, J.—The appeal is from a final judgment in favor of plaintiffs for the sum of $226.98, they being dissatisfied with the amount awarded. The controversy is over the question whether they should have been allowed interest

on deferred payments under a contract of sale of real property.

The matter was presented to the court on a motion to strike out certain portions of the complaint, and there is no objection to the form of the procedure, it being admitted by appellants that "the sole point in dispute in the case was, and is, whether under the said contract of sale the plaintiffs, as vendors of the land described in the contract, had a right to collect interest on the deferred payments from the vendees mentioned therein. If they had that right under said contract properly interpreted, the judgment of the lower court ought to be reversed. If they had not that right, the said judgment ought to be affirmed."

Said contract was as follows:

"This agreement made and entered into this 12th day of October, 1915, by and between Kasper Gero and Margaret Gero (his wife), of the County of San Joaquin, State of California, the parties of the first part, and W. H. Richey, Josie Richey, E. A. Richey and W. H. Richey, Jr., of the county and state aforesaid, parties of the second part,

"Witnesseth: That the said party of the first part, for and in consideration of the covenants and agreements on the part of the said party of the second part hereinafter contained, agrees to sell and convey unto the said party of the second part, and said party of the second part agrees to buy all of that certain lot or parcel of land situated in the County of San Joaquin, State of California, and being more particularly described as follows, to wit:

"The West Thirty-three (33) acres of the Northwest quarter (N. W. ¼) of the Northeast quarter (N. E. ¼) of Section Thirty-three (33), Township Two (2) North, Range Eight (8) East, lying north of the county road containing thirty-three (33) acres more or less.

"For the sum of five thousand eight hundred ($5,800.00) dollars, gold coin of the United States of America, to be paid in the following manner, as follows, to wit:

"Three hundred fifty ($350.00) dollars upon the execution and delivery of this agreement, receipt whereof is hereby acknowledged, two hundred ($200.00) dollars on or before the 12th day of October, 1916; five hundred ($500.00) dollars on or before October 12th, 1917; five hundred ($500.00) dollars

on or before October 12th, 1918; seven hundred fifty ($750.00) dollars on or before October 12th, 1919; and one thousand ($1,000.00) dollars on or before October 12th, 1920, and the balance of twenty-five hundred ($2,500.00) dollars to be paid on or before October 12th, 1921.

"It is hereby agreed by the parties hereto that upon the payment of the amounts above stated, amounting to five thousand and eight hundred ($5,800.00) dollars, the said parties of the first part agrees to execute a bargain and sale deed to the above described property free and clear of all incumbrances and further agrees to furnish to the said parties of the second part a certificate of title or abstract to said property.

"And it is further understood and agreed that the said parties of the second part shall have the privilege to pay to the said parties of the first part the sum of two hundred ($200.00) dollars at any time upon this agreement providing that the time the said payments are made that the parties of the second part will pay all interest due on said agreement to that date. And the said party of the first part agrees to accept the full amount of this agreement at any time upon the payment by the parties of the second part of the full amount to the said parties of the first part, and the parties of the first part agrees to execute a bargain and sale deed to said property.

"And the said parties of the second part agrees to pay all state and county taxes or assessments whatsoever nature, which are or may become due on the premises above described. In the event of failure to pay the said installments or any of them by the said party of the second part as said installments shall become due, the said parties of the first part shall be released from all obligations in law or in any equity to convey said property, and the said parties of the second part shall forfeit all right to all payments made upon this agreement.

"Time shall be the essence of this agreement and it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties hereto, and that the said parties of the second part are to be let into and have immediate possession and hold peaceable possession so long as they comply with the terms of this agreement. Upon failure of said parties of the

second part to comply with the terms of this agreement they agree to yield peaceable possession to the said parties of the first part.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written."

We are entirely satisfied that the lower court was right in holding that appellants were not entitled to interest on said installments before they became due. This follows from the express agreement of the parties themselves. The contract provides that the consideration for the land is the sum of five thousand eight hundred dollars, to be paid in the manner specified. There is no element therein of ambiguity or uncertainty. As far as the sum to be paid is concerned, the contract is complete and there is no room for parol evidence. The effect of such evidence, if permitted to show that the intention of the parties was that an additional sum was to be paid, would be to vary the terms of a written agreement, which needs no addition nor explanation. The statement that five thousand eight hundred dollars is the sum to be paid for the land has the same significance as if the parties had provided that said sum and *no more* was the consideration. The recital of the amount carries, of course, the necessary implication that it is exclusive of any other sum. Other provisions of the contract confirm the view that interest on the deferred payments was not contemplated. For instance, the agreement states that "in the event of failure to pay the said installments or any of them by the said parties of the second part as said installments shall become due said parties shall be released from all obligations, etc." If interest had been intended, it would have been provided: "In the event of failure to pay the said installments or any of them *or any accrued interest thereon* by the said parties of the second part as said installments and interest shall become due." Also, the other covenant in reference to the execution of the deed would have read, "Upon the payment of the amounts above stated, amounting to five thousand and eight hundred dollars, *together with interest accrued and unpaid thereon,* the said parties of the first part agree to execute," etc.

To interpret the language used by the parties so as to uphold the contention of appellants would be to interpolate a covenant into the contract and to ignore the significance of the terms they have chosen to express their intention.

If we may look beyond the contract itself, we find that the decisions in this state uphold the view that, unless the parties to such an agreement provide otherwise, interest is allowed only from the time the debt becomes due.

In *City of Los Angeles* v. *City Bank,* 100 Cal. 22, [34 Pac. 512], it is said: "In the absence of an express contract the law only awards interest upon money from the time it falls due. (Civ. Code, sec. 1917.)" This language is quoted with approval in the case of *Hayt* v. *Bentel,* 164 Cal. 685, [130 Pac. 432]. The principle is recognized, also, in other decisions, among which we find the case of *Taber* v. *Piedmont Heights Building Co.,* 25 Cal. App. 222, [143 Pac. 319], decided by this court.

But the point is made that it inferentially appears that interest was to be allowed on the deferred payments, or, at least, that an inconsistency is created, so as to render parol evidence admissible, by virtue of the provision that the parties of the second part shall have the privilege of paying the sum of two hundred dollars at any time, providing that, at the time the said payments are made, they "will pay all interest due on said agreement to that date." This manifestly extended a favor to respondents in allowing smaller partial payments, but to take advantage of it, they were required to pay whatever interest might be due. It was probably contemplated that some of the installments called for in the former clause of the contract might be delinquent. If so, and they desired to pay only two hundred dollars of the consideration at one time, the parties of the second part were also to pay interest on said payment or payments that had become due. This clause must, of course, be construed in connection with what goes before so as to give effect, if possible, to the language of the whole contract. It should not be given a meaning that will nullify or vary the entire covenant to which we have alluded. We need not quote the familiar rules embodied in the provisions of the Civil Code for the interpretation of written instruments. These rules are all designed to aid in ascertaining the intention of the parties. That the intention was such as we have indicated, we think follows necessarily from the very language of the instrument.

Of course, if, as appellants contend, "by clerical misprision, inadvertence, or typist's error the usual clause reading substantially as follows, 'interest on all deferred payments herein at

the rate of six per cent per annum,' was left out or omitted from the memorial or type-written evidence of the contract.'' under proper proceedings the instrument might have been reformed, but with that consideration we are not concerned in this action.

We may add that if the question involved a loan of money, the case would be governed by the special rule provided in section 1914 of the Civil Code, as follows: ''Whenever a loan of money is made, it is presumed to be made upon interest, unless it is otherwise expressly stipulated at the time in writing.'' But, manifestly, we are not dealing with a loan, but with a contract for the sale and purchase of real estate.

Nor is there any greater reason for holding that by virtue of section 1917 of the Civil Code appellants are entitled to interest on the deferred payments. That section provides: ''Unless there is an express contract in writing, fixing a different rate, interest is payable on all moneys at the rate of seven per cent per annum *after they become due,* on any instrument of writing, except a judgment, and on moneys lent, or due on any settlement of account, from the day on which the balance is ascertained, and on moneys received to the use of another and detained from him.'' Said deferred payments were not *due;* they do not involve money *lent* or *due* on any *settlement* of *account* on which a balance has been ascertained. Assuredly, these terms are so well understood as to require no argument or citation of authority to demonstrate that we have before us no such case.

We think it is equally plain that evidence of custom as to the payment of interest under such circumstances was not admissible. Usage is admissible only as an instrument of interpretation. (Subd. 12, sec. 1870, Code Civ. Proc.; *Loyalton Electric Light Co.* v. *California Pine Box etc. Co.,* 22 Cal. App. 75, [133 Pac. 323].) Herein the contract needs no extraneous aid, as its express terms plainly provide (1) that the purchase price is five thousand eight hundred dollars; (2) how and when that amount is to be paid without mentioning the payment of interest; (3) that upon the payment of said amount the said parties of the first part agree to execute a deed, and (4) that the parties of the second part may have the option to pay the principal in smaller installments, provided that they also pay any interest that may be due.

In none of the cases cited by appellants do we find anything opposed to the views herein expressed.

In *Wagner* v. *Eustathiw*, 169 Cal. 663, [147 Pac. 561], the contract expressly provided that interest should be paid at the rate of seven per cent per annum, and the court very naturally and properly held that the date of payment of interest would be supplied by custom. The contract, of course, was incomplete in that respect, and the omitted term was therefore added.

In *Ehrenstrom* v. *Phillips* (Del. Ch.), 77 Atl. 81, the contract provided that interest should be paid and also the rate, but omitted to specify the term of payment, whether annually or semi-annually. It also recited: "Terms of mortgage to be arranged satisfactorily." The court properly held that it could be shown by parol evidence that the parties intended that the mortgage should be in the usual form providing for the term of payment of interest.

In *Burns* v. *Sennett & Miller*, 99 Cal. 363, [33 Pac. 916], the contract was oral and general in its character and the court held that "so far as the offered testimony involved proof of the usage, if any such there were, which entered into a general employment to load or unload a ship, in the absence of a special contract, it should have been admitted."

In *Standard American Dredging Co.* v. *Oakland*, 30 Cal. App. 237, [157 Pac. 833], this court held that the evidence of usage admitted by the trial court was harmless, even if the ruling was erroneous, and it was said: "In making its findings, we think the court was justified in disregarding the evidence as to usage as we infer it did in not making any finding on that question."

The foregoing cases and others which might be referred to are illustrative of the familiar practice of allowing evidence of custom to supply an omission from a contract, which contract is incomplete and uncertain, but, for reasons already stated, we do not consider them applicable herein.

While appellants have made an able and interesting argument against the decision of the lower court, we cannot avoid the conclusion that respondents are right in the following contentions: "(1) The contract in question does not anywhere provide expressly that interest should be paid upon deferred installments of principal as contended by appellants; (2) The contract as concluded is a complete, workable, and unambigu-

ous instrument which does not require the addition of any terms in regard to interest to enable it to be carried out according to the expressed intention of the parties, and therefore does not require either evidence of usage or implication of law to interpret it or carry it into effect; (3) The contract is a contract for the sale of land upon which there was at the time of bringing action, no portion of the principal *due* and unpaid of which tender in full had not been made to the plaintiff; that under the general principles of law no interest is allowed upon moneys not yet due under such contract where the contract itself does not provide for interest; (4) the allegations in the complaint to the effect that interest on deferred installments was due under the terms of the contract were, therefore, in direct conflict with the contract itself, which was set forth in full in the complaint, and were therefore properly stricken out of the complaint as conclusions of law and also redundant and contradictory to the contract's provisions.''

We think the judgment should be affirmed, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.