[Civ. No. 3376. First Appellate District, Division Two.—May 22, 1920.]

GEORGE F. GUY, Respondent, v. HARRY R. LEECH et al., Defendants; SARAH L. BOND, Appellant.

[1] LIENS — PRIORITY OF — ACCEPTANCE OF TRUST DEED SUBJECT TO MORTGAGE IN PAYMENT FOR MATERIAL—RELIANCE UPON BY MORT-GAGEE—RIGHT TO CLAIM MECHANIC'S LIEN—ESTOPPEL.—Where a materialman agrees to accept a trust deed, subject to a mortgage for a specified amount, in payment for material furnished for use in the building of a house, and so advises the mortgagee, and such mortgagee advances the specified amount of money for the purpose of building such house, and such trust deed, subject to such prior mortgage, is executed and delivered to him, he will be estopped to set up as against the mortgagee that he did not accept the trust deed in payment for his material and in lieu of any lien which the law allowed therefor, notwithstanding the mortgagor subsequently became involved in financial difficulties and did not complete the house.

[2] ID.—ESTOPPEL—PLEADING.—While the general rule requires an estoppel to be pleaded, there is an exception to this rule where the party is without knowledge that his claim must ultimately rest upon an estoppel.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Reversed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

G. C. De Garmo for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from that portion of a judgment which decrees that the mechanic's lien of plaintiff is superior to the first mortgage held by defendant and appellant upon certain real property in the county of Los Angeles. There were three actions involving the same issues, which were consolidated by the trial court and tried at the same time. In one of the actions the plaintiff Haslwanter sought to foreclose a mechanic's lien, and Sarah L. Bond, the appellant here, was made one of the defendants, as she held a first mortgage upon the

property. This lien was decreed to be superior to the mortgage, and appellant does not object to this portion of the judgment, but states in her brief that the same has been paid.

In the second suit, George F. Guy sought to enforce a mechanic's lien against the property and to have it declared superior to the mortgage. This was resisted by the mortgagee Bond. Before a determination was had of the questions raised in these suits, the mortgage became due by reason of default in some of its terms, and the mortgagee Bond sought to foreclose the same in yet another suit, in which said lien claimants were joined as defendants. It was stipulated that the complaints in the mechanic's lien foreclosures should be considered the answers and cross-complaints of said claimants in the mortgage foreclosure suit of Sarah L. Bond. The actions were consolidated, and the one issue presented in them all was, whether or not the mechanic's lien of the respondent was superior to the mortgage. The court found that it was, and from such determination the appellant prosecutes this appeal.

[1] The facts with relation to this question are: Harry R. Leech was a builder and he borrowed from Sarah L. Bond $3,000 for the purpose of building a house. For this amount he gave her his note, which was secured by a mortgage upon the house, then partially constructed. This mortgage was dated May 9, and recorded May 19, 1917. Leech had previously built houses, which were financed by building loans, and had purchased the lumber therefor from the respondent. In borrowing the money to carry on the work he had given first mortgages, and the respondent had furnished the lumber and had taken deeds of trust subject to the first mortgages upon the property upon which the work was being done. In this instance, Leech and Guy—it is admitted by both of them—undertook to make the same arrangement, and Guy agreed to furnish the lumber and to take a deed of trust in payment therefor, subject to the first mortgage. He did furnish the lumber in accordance with this understanding and it was used in the construction of the house. This construction work was well under way when Leech applied to Mrs. Bond's agent, Patterson, for the loan of $3,000. Mr. Patterson testified that he called up Mr. Guy on the telephone when Leech applied for the loan; that he told him

that he considered the loan of $3,000 "pretty heavy, but Mr. Leech tells me that you are taking a trust deed for your lumber and material which would help the loan." Patterson then told Guy that one of his clients was already "mixed up" in some litigation over a loan and he did not wish this to happen again, and he asked him expressly whether he was taking a trust deed for the lumber and material subject to the first mortgage, and Guy said "yes." The respondent Guy, in his own testimony, states that he has heard the testimony of Mr. Patterson and that Mr. Patterson correctly testified as to the conversations and transactions between them. After these representations Mrs. Bond made the loan on May 19, 1917. In June, 1917, Leech executed a trust deed to Guy for $747, the amount of the lumber bill. He executed his note for said amount and sent it to Guy directly, and sent the trust deed securing the note to be recorded. It was duly recorded on June 4, 1917, and, under the instructions from Leech, was sent by the recorder to Guy. Apparently, so far, everything was satisfactory to all parties, and the transactions were in accordance with the understanding of all persons concerned. It is because of subsequent events, occurring after this trust deed went into effect, that Guy seeks to escape the effect of his action in agreeing to accept the trust deed in payment.

Within a month Leech became involved in financial difficulties and did not complete the house. It appears from the record that the plumbing and a portion of the painting, and other minor matters, were left uncompleted, and that it would cost about $200 to finish the house. Leech ceased work upon the house, and the cement contractor, Halswanter, who had not been paid, filed his notice of lien for $230, which lien was adjudged in these consolidated actions to be superior to the mortgage, and is not disputed by the appellant.

In October, 1917, Leech being in default in the payment of interest upon the first mortgage, Mr. Patterson, the representative of the mortgagee, telephoned to Guy, who had the trust deed, and Guy said that he would pay the interest as soon as he could get a deed from Mr. Leech conveying the property to him. He later paid the interest and said he had received a deed from Leech. Guy had called upon Leech in October and had asked what was to be done about

completing the house, and Leech had told him that he was
trying very hard to dispose of the house, and Guy had sug-
gested that Leech deed the property to him to avoid the ex-
pense and trouble of a foreclosure of his deed of trust.
Leech asked for more time, which was granted, and later,
upon another request from Guy, he executed a quitclaim deed
to Guy.

In November, 1917, Guy filed his notice of lien and re-
turned to Leech the trust deed and note and the quitclaim
deed. He made no reconveyance of the property, but merely
returned to Leech the evidences of the transfer of interest
to himself. So far as the record shows, the trust deed is
still on record unreleased and affects the title to this prop-
erty. Guy now seeks to enforce his mechanic's lien. He
takes the position that he accepted the trust deed in payment
for his lumber upon the understanding that it was to be
subject only to the first mortgage, and upon the understand-
ing that the house would be completed by Leech, and that
as an intervening lien has accrued and the house is not com-
pleted, he does not wish to rely on his trust deed, but wishes
to enforce his mechanic's lien. His explanation of his re-
turn of the quitclaim deed to the property, given to him in
October by Guy, is that it was not a grant deed and was not
signed by the wife of Leech, and that, therefore, it was not
a deed satisfactory to him, and he had consequently returned
the instrument to Leech.

We may eliminate the question of the sufficiency of the
second deed and of Guy's acceptance thereof; for it appears
to us that the facts regarding the trust deed are decisive of
this case. Respondent agreed, as appears by his own testi-
mony, to accept the trust deed in payment of his debt, which
trust deed was to be inferior to the building money mortgage
given to Mrs. Bond. He represented to Mrs. Bond that this
would be done after he had been told that she would con-
sider the loan a heavy one unless he agreed to do this. In
other words, he, by his representations, caused her to believe
in the security of the loan and to advance the money. The
advancement of this money by her for the building was an
advantage of him, as he was selling the lumber, and had
sold lumber under such conditions to Leech for several other
houses. He acted in accordance with his representations
and took the trust deed. His later disappointment in re-

gard to the action of Leech in not paying the cement bill and in not completing the house cannot affect the rights of Mrs. Bond. This is a matter between Guy and Leech. The arguments of respondent that Leech has not fulfilled his part of the contract and, therefore, Guy is not bound thereby, would be pertinent if the contest was between Guy and Leech. The value of Mrs. Bond's security is impaired because Leech has not completed the building, and, for the same reason, the value of Guy's security is impaired. Leech has not fulfilled his duty toward either of them. Each took this chance with reference to Leech. There appears to be no reason why Guy should shift his share of this burden upon the shoulders of Mrs. Bond in addition to her own share of the burden.

The question of law involved here is carefully discussed, both upon principle and authority, in the cases cited to us by the appellant, most of which are reviewed by our own supreme court in the case of *Martin* v. *Becker,* 169 Cal. 301, at page 309 et seq., [Ann. Cas. 1916D, 171, 146 Pac. 665]. It is said in the case of *Martin* v. *Becker, supra,* in enumerating the different classes of cases in which the taking of new or additional security operates to destroy an existing lien— that where it would be fraud upon other claimants to permit the earlier lien to be held valid, equity interposes and declares it to have been waived or lost by the taking of the later security, or what is, in effect, the same, erects a bar to its enforcement.

The respondent is estopped to set up as against this appellant that he did not accept the trust deed in payment for his material and in lieu of any lien which the law allowed to him therefor. **[2]** Respondent seeks to avoid the force of the facts constituting the estoppel by reason of the fact that the estoppel was not pleaded. While it is true that the general rule requires an estoppel to be pleaded, yet it has been held that there is an exception to this rule where the party is without knowledge that his claim must ultimately rest upon an estoppel. (*Donnelly* v. *San Francisco Bridge Co.,* 117 Cal. 417, [49 Pac. 559].) In the present case, the appellant did not rely upon an estoppel as the foundation of her claim. She believed and alleged that Guy had accepted the trust deed in payment of his debt. The evidence upon the trial disclosed the fact that Guy was denying his

acceptance of this trust deed. In rebutting this contention, facts were introduced in evidence which would constitute an estoppel. Under such circumstances appellant was entitled to take advantage of these facts, although they had not been pleaded. It is said in *Blood* v. *La Serena L. & W. Co.*, 113 Cal. 221, [41 Pac. 1017, 45 Pac. 252], that an estoppel *in pais* may be shown by way of equitable rebuttal, and that it is only when the plaintiff must rely upon an estoppel *in pais* in order to maintain his action at all against the defendant that it must be pleaded. In the present case it is admitted that Guy agreed to take the trust deed in payment; the trust deed to him was put upon record; he had told Mrs. Bond's agent that he would accept it subject to the first mortgage, and she alleged that he had so accepted it in payment. It was only when he sought to evade these facts that the estoppel needed to be invoked as an equitable rebuttal.

There are, however, no findings upon which we could order a judgment to be entered decreeing the priority of appellant's mortgage lien. We have no power to make findings for the trial court. (*Blood* v. *La Serena L. & W. Co.*, *supra.*) Therefore, the judgment, in so far as it relates to the lien of the respondent Guy, and in so far as it decrees that lien to be superior to the mortgage of the appellant, is reversed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.