[Civ. No. 6262.  First Appellate District, Division One.—October 18, 1928.]

FRANK J. BURKE, Respondent, v. ALFRED L. MEYER-STEIN, Appellant.

350

Joseph C. Meyerstein for Appellant.

John D. Harloe for Respondent.

CASHIN, J.—The parties to the above action entered into a written contract on August 30, 1916, by the terms of which the defendant agreed to sell and the plaintiff to buy certain real property. The action was brought by the plaintiff to specifically enforce the contract, and from the judgment entered therein the defendant appealed.

The latter claimed that his assent to the contract was given under the influence of mistake and misapprehension. It is urged as grounds for reversal that in view of the evidence and the findings respecting the mistake alleged the court erred in granting specific performance of the contract, as well as in its conclusion that under the contract as executed no interest was chargeable upon deferred installments of the purchase price.

The court found that the contract was prepared by defendant's secretary, who deleted from a printed form of contract a clause providing for interest on unpaid installments of the principal; that in preparing the contract the secretary acted under the direction of defendant's agent, who had negotiated the sale on behalf of the defendant; that the contract so prepared was in accordance with the actual terms agreed upon between the agent and the plaintiff, it having been expressly agreed between them that no interest should be charged upon deferred payments; that

after the contract was prepared the defendant signed the same without reading it or observing that the printed clause providing for interest on deferred payments had been deleted, and that the failure was due to defendant's negligence and not to any act of the plaintiff. The court also found that plaintiff, in reliance upon the contract and within the consent of the defendant, took possession of the property, and has punctually made the payments as provided; and, further, that such occupancy was advantageous to defendant in furtherance of the latter's plan to sell neighboring lots, and one of the inducements to the remission of interest on the deferred payments.

Some time before the present action was commenced an action, entitled "*Alfred L. Meyerstein* v. *Frank J. Burke*," was brought in the superior court in and for the city and county of San Francisco to reform the contract in the above particular. The court made certain findings therein and entered its judgment, denying the relief asked. (See 193 Cal. 105 [222 Pac. 810].) In the present action the defendant set up as special defenses by way of estoppel portions of the pleadings, together with certain of the above findings, and in the course of the trial introduced in evidence the judgment-roll in that action. With respect to these findings the court found as follows: "That an action was instituted as therein stated; that the pleadings were as therein stated; that the findings made by the court in said action are attached hereto, marked 'Exhibit A,' and by this reference made a part hereof for all purposes."

Plaintiff contends that by the above finding the court in effect found that the findings in the first case were true. We do not so construe the findings, it being clear that the court found only that the findings referred to and attached were those filed in the first action.

The findings referred to were in effect that the secretary employed by Meyerstein negligently deleted the provision in the printed form of contract for the payment of interest, and that Meyerstein at the time he signed the contract supposed that it contained the deleted provision. It was also found, however, that the writing as executed expressed and was identical with the actual agreement between the parties and that Burke understood that the deleted portion should not be included.

Defendant contends that the above findings constituted an affirmative adjudication of his claim that his assent was given under the influence of mistake and misapprehension, and that specific performance of the contract cannot be enforced, citing subdivision 4, section 3391, of the Civil Code.

The only finding necessary to support the judgment denying the prayer for a reformation of the contract was that its terms were identical with those which had been agreed upon by the parties, and other findings not necessary to the judgment (*Estate of Heydenfeldt*, 127 Cal. 456 [59 Pac. 839]; *Chapman* v. *Hughes*, 134 Cal. 641 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982]; *Bank of Visalia* v. *Smith*, 146 Cal. 398 [81 Pac. 542]), or inferentially contrary thereto, were not conclusive as to the matters found (*Estate of Funkenstein*, 170 Cal. 594 [150 Pac. 987]). The essential finding, however, was for the reason stated conclusive as to the issue which it determined, and was binding on both parties to the action (*Estate of Clark*, 190 Cal. 354 [212 Pac. 622]); and although the finding was not pleaded by the plaintiff as an estoppel such pleading was unnecessary in view of the defense and the evidence offered in its support, which disclosed the adjudication of this issue in the previous case (*Blood* v. *La Serena L. & W. Co.*, 113 Cal. 221 [41 Pac. 1017, 45 Pac. 252]; *Guy* v. *Leech*, 47 Cal. App. 704, 709, [190 Pac. 1067]; *Zenos* v. *Britten-Cook Land Co.*, 75 Cal. App. 299 [242 Pac. 914]). While, according to the testimony of the defendant, his assent to the execution of the contract as the same was written was influenced by mistake and misapprehension, the implied conclusion of the trial court to the contrary is supported not only by the adjudication in the former action, but by the circumstances attending its execution as shown by other facts in evidence and found by the trial court.

It is further claimed that the contract as executed provides for interest on deferred payments. As stated, in the preparation thereof a printed form was used a portion of which was deleted. Two of the remaining paragraphs, however, contained references to interest payments. The contract contained an express promise by the vendee to purchase the property and pay therefor the sum of seven thousand dollars at the times and in the manner following:

one thousand dollars upon the execution of the agreement, receipt of which was acknowledged; the sum of fifty dollars each month thereafter until the whole purchase price had been paid, no provision being there made for the payment of interest on deferred payments. The paragraph mentioned relates to the deed to the property which the vendor agreed to execute upon full payment of the sum of seven thousand dollars "with interest at the rate and for the time above specified . . . "; and the second, which referred to the rights of the vendor in case of default, provided as follows: "If said party of the second part (the vendee) shall fail, and such failure shall continue for a period of sixty (60) days, to make any of the aforesaid payments of principal or interest, etc., . . . " in which event it was provided that the vendee should forfeit all interest in the property and the payments made thereon.

Parties are presumed to have contracted with reference to laws in existence at the time the contract was made; and when a law affects the validity, construction, discharge, or enforcement of the contract it enters into and form a part of it, measuring the obligations of one party and the rights acquired by the other (*Connecticut Mut. Life Ins. Co.* v. *Cushman,* 108 U. S. 51 [27 L. Ed. 648, 2 Sup. Ct. Rep. 236]; *Northern Pac. R. R. Co.* v. *Wall,* 241 U. S. 87 [60 L. Ed. 905, 36 Sup. Ct. Rep. 493, see, also, Rose's U. S. Notes]; *Ede* v. *Knight,* 93 Cal. 159 [28 Pac. 860]). At the time the above contract was executed section 1917 of the Civil Code provided: "Unless there is an express contract in writing fixing a different rate interest is payable on all moneys at the rate of seven per cent per annum after they become due on any instrument in writing except a judgment . . . ," and, as held in the following cases, unless the parties to such a contract shall otherwise provide, interest on deferred payments is allowed only from the time the payments fall due (*City of Los Angeles* v. *City Bank,* 100 Cal. 22 [34 Pac. 510]; *Gero v. Richey,* 38 Cal. App. 21, [175 Pac. 91]).

An inconsistency was inferentially created by the above references in the contract to interest payments; but in view of the form used the elimination therefrom of a printed paragraph, to which the above-quoted portions clearly refer, taken in connection with the facts preceding

its execution as disclosed by the record and found by the court, the construction which the court placed thereon was not unreasonable, and its conclusion should not be disturbed (*Salama Tire Protector Co.* v. *Ritchie*, 31 Cal. App. 555 [161 Pac. 25]; *Manley* v. *Pacific Mill & Timber Co.*, 79 Cal. App. 641 [250 Pac. 710]). Moreover, in accordance with the views expressed in *Gero* v. *Richey, supra,* wherein the court considered the effect of a clause similar to the above, it was reasonable to assume therefrom, in the absence of an express provision for the payment of interest on deferred installments, that delinquent installments were contemplated, in which event it was the intention to provide for the payment of interest thereon from their due dates as a condition to the execution of a deed, and also that a failure for sixty days to make such payments with interest as above should work a forfeiture of the vendee's interest in the property.

All the equities of the case were in favor of the plaintiff, and the record discloses no ground for the reversal of the judgment.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 17, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 17, 1928.

All the Justices concurred.