[Sac. No. 2139.   Department Two.—March 24, 1915.]

## WILLIAM WAGNER, Appellant, v. N. K. EUSTATHIW, Respondent.

SPECIFIC PERFORMANCE—CONTRACT FOR SALE OF LAND—PAYMENT OF PUR
CHASE PRICE IN INSTALLMENTS—JUST AND REASONABLE CONTRACT.—
A provision in an executory contract for the sale of land that the
balance of the purchase price, amounting to fourteen thousand five
hundred dollars, was to be paid by a promissory note executed by
the purchaser to the seller payable in installments of at least one
hundred dollars per month or more at the option of the purchaser,
with interest at the rate of seven per cent per annum, said note
to be secured by a first mortgage on the property agreed to be sold,
is properly construed as calling for a payment upon the principal sum
of the indebtedness of not less than one hundred dollars a month
exclusive of interest. The terms of such contract, and the method
of paying the deferred purchase price, the whole of which was
admitted to be adequate, are not so unjust or unreasonable as to the
seller as to prevent the specific performance of the contract against
him.

ID.—MORTGAGE SECURING PURCHASE PRICE—ALL TERMS NEED NOT BE SET
FORTH IN CONTRACT.—There is no principle of equity requiring all
of the terms and conditions of the mortgage to be given to be set
forth in such contract. The usual and reasonable terms found in
such mortgages are, in contemplation of the parties, a part of such
contract. The contract in question clearly evinces what those terms
are to be.

ID.—TIME FOR PAYMENT OF INTEREST—CUSTOMARY METHOD IMPLIED.—
While such contract does not definitely state whether the interest
is to be paid monthly or annually, it must be deemed that in contemplation of the parties the interest would be paid as is customary in contracts of that kind.

APPEAL from a judgment of the Superior Court of
Yuba County. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

M. T. Brittan, J. E. Ebert, and E. T. Manwell, for Appellant.

W. H. Carlin, for Respondent.

HENSHAW, J.—This is an action for the specific performance of a contract for the conveyance of land. Judg-

ment passed for defendant and plaintiff appeals. The uncontradicted evidence shows that plaintiff and defendant were friends and neighbors and had been such for many years. They owned adjoining lots of land on Third Street in the city of Marysville. Upon these lots buildings had been erected, the plaintiff using his building as a saloon, the defendant using his as a restaurant. There was an opening in the dividing wall which allowed access to and from the saloon and restaurant. In 1908 they agreed to build jointly two stories over the one-story buildings on their properties. These stories were built and were used without boundary wall or division, as a single building. They were maintained as a lodging-house and contained fifty-four rooms. The management and control was simplified by plaintiff leasing to defendant the lodging-house and its business, while defendant leased to plaintiff his ground floor used as the restaurant. In October, 1911, defendant became possessed of a desire to sell his property. He stated this desire to plaintiff's witnesses. He had made repeated efforts to sell the property to plaintiff and plaintiff had declined to consider the sale upon the ground that he did not have money enough to purchase it. Defendant approached plaintiff in his place of business upon October 9th and urged him to purchase his interest in these properties, saying that he would be content with a small payment and an extension of time for later payments. He said he would take fifteeen thousand dollars for his properties, with five hundred dollars paid at the time of the execution of the deed, and one hundred dollars a month thereafter, the unpaid balance to bear seven per cent interest, secured by mortgage. Defendant labored with plaintiff for five hours to induce him to purchase upon these terms. Finally plaintiff assented and a formal executory contract of sale was entered into. An attorney was asked to draw this paper and did so. The document signed by defendant was an agreement to sell to plaintiff the property above sufficiently described, with the furniture contained in the lodging-house, the price being fifteen thousand dollars. "Said Wagner is to pay said purchase price as follows: $100.00 at this date; $400.00 to be paid at time of making and delivery of deed; the balance to be paid by a promissory note from said Wagner to me payable in installments of at least $100.00 per month or more at option of said Wagner

with interest at the rate of seven per cent per annum, said note to be secured by a first mortgage on the real property hereby agreed to be sold.'' Defendant accepted the one hundred dollars and went his way. Several days elapsed, during which defendant expressed no dissatisfaction with the contract, but, to the contrary, declared himself quite satisfied with it. But afterward he informed Mr. Ebert, the attorney who had drawn the contract for both the parties and at the request of both, that he did not desire to carry it out, and asked Mr. Ebert to show the contract to Mr. Carlin, his (defendant's) attorney. This was done. Mr. Carlin, for the defendant, sought a modification, to which plaintiff would not agree. Essentially, the modification desired was a larger monthly payment on account of the principal. The note, the mortgage, and the four hundred dollars to be paid upon the execution of the deed, were tendered to the defendant for signature and acceptance. He declined to proceed with his contract and this action was brought. No word is offered by the defense of advantage taken or unfair practices. The defense rests solely upon the terms of the contract itself, from which terms it is contended that as to the defendant, against whom specific performance is sought, the contract is not just and reasonable. (Civ. Code, sec. 3391, subd. 2.) Even the question of the value of the property, as compared with the price fixed in the contract, is not here in dispute. The contract price was fifteen thousand dollars for the real property with the personal property in the building. Defendant offered to stipulate that the reasonable value of the property was fifteen thousand dollars—thirteen thousand five hundred dollars representing the value of the real property, and one thousand five hundred dollars representing the value of the personal property. In addition to this there was uncontradicted and abundant evidence to establish the fact. The price being adequate, we must turn to the terms and the conditions of the payment of that price to find support for the judgment of the court that the contract was unjust and unreasonable as to the defendant. The court manifestly, we think, based its decision upon an erroneous construction which it put upon that contract. This is clearly indicated by the opinion of the learned trial judge, wherein he says: ''Such a contract, I believe, to be unfair and unreasonable. It would take the plaintiff a long time to complete the payment for this building. The first year he would re-

duce the principal a little over $200. The monthly payments amount to but little more than the monthly interest on the principal.'' Under this construction of the contract, the court's conclusion was not unwarranted. But the construction itself is erroneous. What the contract called for was a payment upon the principal sum of the indebtedness of not less than one hundred dollars a month exclusive of interest, the indebtedness to be secured by mortgage. True, all of the terms and conditions of the mortgage are not set forth in this executory contract, but there is no principle of equity requiring this to be done: 1. Because the usual and reasonable terms found in such mortgages are, in contemplation of the parties, a part of their contract; and, 2. Because this contract clearly evinces what those terms are to be. True it is that while it fixes the interest at the rate of seven per cent per annum, there is no definite provision as to the payment of interest monthly or annually. But in such a case custom steps in, and it would be considered that in contemplation of the parties the interest would be paid as is customary in contracts of the kind. In precise point upon this may be cited *Ehrenstrom* v. *Phillips,* 9 Del. Ch. 74, [77 Atl. 81]. The trial court did not hold, nor is it conceivable that it would hold, that a contract providing for the payment of one hundred dollars a month upon a principal indebtedness of fourteen thousand five hundred dollars, with interest upon all sums due, this indebtedness secured by mortgage upon the property acquired, the price being the full value of the property, presents any feature of injustice or inadequacy. To the contrary, while one man might greatly desire that the full cash price should be paid immediately, another might much prefer to treat the debt secured by mortgage as an investment, with payments covering the period of time contemplated by this contract.

The peculiar situation of these parties to the land in question affords an especial reason over and above those ordinarily present in an action specifically to enforce a contract for the sale of real estate, why in this case the plaintiff should be allowed to appeal to a court of equity, rather than be sent into a court of law for legal damages.

The judgment appealed from is reversed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.