[Civ. No. 5206. Second Appellate District, Division One.—June 9, 1928.]

PAUL MURPHY, Appellant, v. FRED AGEN, Respondent.

George M. Cook for Appellant.

Brittan & Brittan and C. V. Anderson for Respondent.

CONREY, P. J.—The plaintiff brought this action to recover the sum of $440.37, alleged to be three times the amount of interest paid by him to the defendant on a contract in violation of the usury law (Stats. 1919, p. lxxxiii). After the defendant had filed an answer denying the principal allegations of the complaint, each° party moved for judgment on the pleadings. The plaintiff's motion was denied, and defendant's motion was granted, and judgment thereupon entered that plaintiff take nothing. The plaintiff appeals.

■ The transaction between the parties was not a loan of money or other property, nor was it anything in the nature of a loan. It appears that the Taft' Motor Company, Inc., sold to the plaintiff an automobile for a stated price. The written contract, a copy of which is attached to the complaint, provides that the sale shall be for the total price of $1,987.24, of which $550 was paid at the signing of the contract and the remainder was payable in certain monthly installments. The only provision of the contract referring to interest is a provision for interest in the event of default in the payment of any installment. It appears that all installments were paid in full, either to the Taft Motor Company, Inc., or (after assignment of the contract to defendant) to the defendant Agen.

Nevertheless in his complaint the plaintiff alleged that the actual price of the automobile, together with certain accessories and including an item of $66.50 for insurance, amounted to only the sum of $1,840.45, and that the remaining $146.79 which the plaintiff paid was interest on the unpaid installments. And the plaintiff alleged that said sum, when thus treated as interest on the installments, amounted to interest in excess of one per cent per month, and that therefore the interest so paid was an exaction of interest which was in violation of the usury law.

From the foregoing statement it is clear that no interest was paid on account of "forbearance" in relation to the installments provided for by the contract. ■ Forbearance is "the act by which a creditor waits for the payment of a debt due him by the debtor after it has become due." (2 Bouvier's Law Dict., p. 1254.) The transaction was not one in which an agreement was made to pay interest upon

the loan of any "money, goods, or things in action." It is our opinion that the contract was not one within the scope of the terms or objects of the usury law. (Stats. 1919, p. lxxxiii; Deering's General Laws, 1923 ed., Act 3757.)

■ Moreover, on the face of the contract itself said sum of $146.79 was a part of the purchase price of the property sold to plaintiff, and was not an exaction of interest or of charges in the nature of interest. The facts alleged in the complaint are not to the effect and do not show directly or indirectly that the contract as drawn was intended to accomplish an evasion of the law against usury, or that it was anything except a sale of personal property for the full stated price thereof. The complaint did not state a cause of action.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1928.

All the Justices present concurred.