[S. F. No. 14430. In Bank.—January 31, 1934.]

E. A. JANSSEN, Respondent, v. W. K. DAVIS et al., Appellants.

Fred L. Dreher and Dreher & McClennan for Appellants.

Ivan N. Maroevich for Respondent.

THE COURT.—This is an appeal from a judgment decreeing specific performance of a contract for the purchase and sale of a parcel of real property, together with the improvements thereon. The plaintiff is the vendor and defendant W. K. Davis is the vendee. Judgment was rendered in favor of defendant Emelie Davis and, inasmuch as plaintiff does not appeal, her rights are no longer involved.

The facts as disclosed by the record are as follows:

Plaintiff is a building contractor and the defendant is a real estate agent. Defendant, as agent, had sold certain property for plaintiff, as a result of which there was due and owing to defendant as and for commissions the sum of $2,537.50. Some time in June or July, 1923, defendant, who was planning to be married, approached plaintiff for the purpose of buying a home from him. Defendant was not satisfied with any of the houses then constructed and asked plaintiff to build him a house. The parties finally agreed upon a lot then owned by plaintiff and, after considerable discussion, mutually agreed as to the general plan of the house. All negotiations were oral. Plans were drawn and construction started before all of the details of the house had been agreed upon. The evidence clearly shows that the parties agreed that the total cost of the lot and the proposed building should be "about" or "approximately" $11,250. This figure was based on the general plans which had been prepared, but it was contemplated that the defendant would, during the course of construction, order certain extras or additions, for which an extra charge should be made. The defendant makes much of the fact that plaintiff did not testify to the exact amount agreed upon, but the record shows that the only uncertainty was as to the value of these extras. During the course of construction, the defendant ordered many changes, extras and additions, the reasonable value of which brought the total value of the property to $13,250, the amount found by the trial

court to be the agreed value. There is evidence that this was a reasonable and fair price for the property. Although the evidence is conflicting, there is ample evidence to sustain the trial court's finding that it was agreed that the $2,537.50 due and owing from plaintiff to defendant should be applied to the purchase price. As to the balance of the financing, the evidence is not entirely satisfactory. It was apparently agreed that a bank loan should be secured and that the balance of the purchase price should be evidenced by defendant's note, carrying six per cent interest, secured by a second mortgage, or by plaintiff retaining title. There is no dispute that the parties did negotiate and secure $4,500 on a first deed of trust from a bank. The defendant refused to sign a note for the balance of $6,212.50. When the house was completed in September, 1923, defendant moved in and took possession. As far as the record is concerned, he is still in possession, although it is stated in one of the briefs that he was evicted in 1931. During that entire period, with the exception of the application of plaintiff's debt to defendant on the purchase price, defendant has refused to pay one cent to plaintiff, and all expenses for taxes, insurance, interest on the first deed of trust, etc., have been paid by plaintiff. Shortly after the completion of the house a controversy arose between the parties and, in July of 1924, this action for specific performance was commenced. The defendant answered, denying the allegations of the complaint, and cross-complained for the amount of commissions due him. The case did not proceed to trial until October of 1928. After plaintiff had completed his case, for reasons that do not appear, the trial was continued and was not resumed until December of 1929. The long intermission partially tends to explain plaintiff's failure to produce certain testimony hereafter referred to.

So far as pertinent here, the trial court found that the parties had agreed upon the purchase and sale at a price of $13,250, and that it was agreed that the $2,537.50 due and owing from plaintiff to defendant should be applied on the purchase price; that it was agreed that the balance of the purchase price should be evidenced by a note in the sum of $6,212.50, drawing six per cent interest, secured by a second mortgage, and subject to a first mortgage in the sum of $4,500; that defendant was to pay plaintiff the

$6,212.50 in installments of $75 a month; that the plaintiff had fully performed and that the defendant had refused to perform. No finding as to the adequacy of the consideration or fairness of the purchase price was made. The court specifically found against the allegations in defendant's answer and cross-complaint. As conclusions of law, the court found that an order of court be made requiring the defendant to specifically perform the contract by executing a note secured by a first deed of trust to the bank, or assume the existing one, and by executing and delivering to plaintiff a note in the sum of $6,212.50 at six per cent interest, secured by a second deed of trust payable in installments of $75 a month; that defendant be ordered to pay to plaintiff the sum of $5,025, being the amount of installments past due, and that defendant be credited with that sum on his note when paid; that defendant be ordered to pay plaintiff in addition ''any and all sums expended by said plaintiff on account of said defendant in reference to said real property . . . by way of taxes, insurance, interest on said first mortgage and interest on said second deed of trust . . . accruing or to accrue since the 25th day of September, 1923, and until consummation of said sale ordered by the Court . . . ''; that plaintiff be ordered to make, execute and deliver a good and sufficient deed to the premises upon defendant's compliance with the above order. The court failed to find the exact amount of these extra expenditures. The judgment is radically different from the findings and conclusions, in that it fixes the amount due at $19,277.47, which sum includes an itemization of the extra expenditures.

On this appeal defendant first contends that specific performance should not have been granted for the reason that the agreement is too indefinite, uncertain and incomplete in many of its details. It is, of course, elementary that a contract that is incomplete, uncertain or indefinite in its material terms will not be specifically enforced in equity and that the degree of certainty required in an equity action is much greater than is required in an action at law. (See *Pascoe* v. *Morrison*, 219 Cal. 54 [25 Pac. (2d) 9], for the latest case stating the rule.) We think that, measured by any reasonable standard, the contract here involved is sufficiently certain to be specifically enforceable. There was no real uncertainty as to price. The evidence clearly shows

that the agreed price was $11,250 for the house as originally planned, with the understanding that additions ordered by the defendant should be extra. The reasonable value of the extras brought the purchase price to $13,250. Nor was the uncertainty as to the plan of financing so great as to preclude plaintiff from obtaining the equitable relief prayed for. The evidence shows that the parties intended that the debt due defendant from plaintiff should be applied on the purchase price and that a bank loan should be secured in as large a sum as possible, and that the balance should be evidenced by defendant's note at six per cent interest. This note was to be secured by a second mortgage or by a contract of sale, plaintiff retaining title. ■ There is no principle of equity requiring all the terms and conditions of the proposed agreement to be set forth in the contract. The usual and reasonable terms found in such contracts are, in contemplation of the parties, a part of such contract. (*Wagner* v. *Eustathiw*, 169 Cal. 663 [147 Pac. 561]; *Carr* v. *Howell*, 154 Cal. 372 [97 Pac. 885]; 23 Cal. Jur., sec. 13, at p. 435.) That rule has particular application to the facts of this case, where the evidence shows that defendant was engaged in the business of selling houses for the plaintiff, and that the agreement was that the debt due plaintiff should be evidenced by the type of agreement usual in such cases. ■ The contention that the contract is uncertain for the reason that the plans and specifications were not finally agreed upon when the price was fixed, is equally without merit. It is true that when construction started in July, 1923, all of the details had not been agreed upon, but a general plan had been accepted, and it was understood that defendant could add extras as the building progressed, the reasonable value of these to be added to the purchase price. This was done, so that when the building was completed in September, 1923, the agreement had been made fully certain by performance. For the foregoing reasons, we are of the opinion that the agreement, in all respects, was sufficiently certain to be capable of specific performance.

Defendant also urges as a ground for reversal that the evidence shows that there was a cloud on plaintiff's title. Defendant bases this contention on the uncontradicted evidence offered by him that the building encroaches on the

adjoining property five-eighths of an inch on one side and two and three-quarters inches on the other. It is contended that this constitutes a material defect in plaintiff's title. The trial court failed to make any finding on this point. Inasmuch as we are of the opinion that the judgment must be reversed for other reasons, we do not now find it necessary to pass on this point, particularly in view of the fact that there was evidence from which the trial court could have found that such overlapping was caused by the acts of the defendant in ordering dirt to be piled against the inside of the foundations, over plaintiff's objections, and that it was this added weight which caused the foundations to bulge over on the adjoining property.

 There are other contentions of defendant which must be sustained. In the first place, the trial court found, as stated above, that defendant had agreed to pay the balance of the purchase price in installments of $75 a month. This finding is totally unsupported by the record. Plaintiff testified that the agreement was that defendant should pay the balance in monthly installments of $100, while defendant testified the amount was $50 or $55. Nowhere in the record was the amount fixed by the trial court ($75) ever mentioned. In view of the fact that the trial court found that even if all back installments had been paid, there would still be a material amount due and owing to plaintiff, the amount of the monthly installments becomes quite material. It is to be noted that the point here made is not that the amount of the installments was uncertain, but that the amount fixed by the trial court finds no support in the record. If the court had fixed $100, $50 or $55 as the amount of the monthly installments, such finding would have been amply sustained by the record.

 In the second place, as already mentioned, the trial court, in its judgment, decreed that at the time judgment was rendered, the total amount due plaintiff was $19,277.47 less the $2,537.50 due defendant for commissions. The judgment was, therefore, for $16,739.97. This figure was arrived at by adding to the $13,250 fixed in the findings and conclusions certain items for past interest, insurance, taxes, etc., totaling about $5,000. We have searched the record diligently and can find no evidence at all to sustain these charges. The plaintiff failed to introduce any evidence at

all as to the amount of these charges. Moreover, the findings of fact and conclusions of law did not fix these amounts, so that the judgment is not sustained by the findings and conclusions. In view of the complete failure of proof as to these charges, the judgment cannot be sustained.

■ In view of a retrial being had, there is one other point which should be mentioned. The uncontradicted evidence shows that the property here involved was the community property of plaintiff and his wife. Plaintiff's wife is not joined as a party, nor is there any evidence that plaintiff's wife was willing to join in a conveyance. It is the general rule that specific performance will not be decreed against one party when the contract cannot be specifically enforced against the plaintiff. (*Pacific etc. Ry. Co.* v. *Campbell-Johnston*, 153 Cal. 106 [94 Pac. 623]; *Jolliffe* v. *Steele*, 9 Cal. App. 212 [98 Pac. 544]; *Waldeck* v. *Hedden*, 89 Cal. App. 485 [265 Pac. 340].) At the close of plaintiff's case the trial court, when its attention was called to this defect in plaintiff's proof, specifically granted to plaintiff the right to reopen the case to prove, if he could, that his wife was willing to join in a conveyance. A continuance was then had and, as already pointed out, the trial was not resumed for over a year. When the trial was resumed, counsel for plaintiff evidently overlooked this detail of proof. On the retrial, plaintiff should take care of this omission.

■ It should also be noted that the trial court failed to find that the agreed price was the reasonable and fair value of the property. This also should be taken care of on the retrial of this cause.

It is regrettable that the judgment appealed from must be reversed. We are of the opinion that the case is one clearly calling for the equitable relief granted, but, due to the failure of plaintiff to offer evidence on the above matters, no course remains to us but to reverse the judgment.

The judgment appealed from is reversed.