[Civ. No. 13949. Second Dist., Div. One. May 7, 1943.]

JOHN G. BORO et al., Respondents, v. JOHN J. RUZICH, Appellant.

Howard E. Miller for Appellant.

J. F. Harvey for Respondents.

WHITE, J.—By their amended complaint filed herein plaintiffs allege that on or about June 15, 1941, defendant promised and agreed to sell to and put plaintiffs in possession of a certain house and lot located in the city of Los Angeles, and to execute a deed thereto on or before June 18, 1941. That in consideration of and as a part of said agreement plaintiffs promised to pay to defendant as the purchase price of said property the sum of $500 payable on or before June 15, 1944, without interest, and that plaintiffs agreed to accept the hereinbefore mentioned conveyance subject to an encumbrance upon said property in the sum of $4,900 payable by said defendant at the rate of $50 per month; that plaintiffs promised and agreed to pay said encumbrance in the manner and form therein provided. It is then alleged that pursuant to said agreement plaintiffs entered into possession of said property on or about the 18th day of June, 1941, and ever since have been and at the time of the commencement of this action were in possession thereof. It was further averred in the complaint that relying upon said agreement and while in possession thereunder plaintiffs installed upon said property certain furniture and furnishings and improved the

house with a roof, garden equipment and other improvements, including work and labor, all of which it is alleged enhanced the value of the property. Plaintiffs in their complaint further allege that at the time of making the above mentioned agreement defendant had paid approximately $500 on account of the purchase of the property and "that the consideration named in said agreement is the fair and reasonable value of said property, and is the exact amount of defendant Ruzich's interest therein; that said agreement was and is in all respects just, fair and reasonable to said defendant, and no advantage was taken of said defendant." The complaint then sets forth that defendant is indebted to plaintiffs in the sum of $168; that on or about November 5, 1941, plaintiffs, as part of the purchase price, offered to cancel said indebtedness of $168 and thereupon demanded from defendant a deed which demand was refused. That thereafter defendant served upon plaintiffs a notice to vacate and deliver up said real property on or before December 31, 1941. Finally plaintiffs allege that prior to the filing of this action they had been, and at the time of such filing were "still ready, willing and able to cancel said indebtedness and to pay defendant Ruzich $332 the balance due to said defendant, immediately or upon whatever terms the court may deem just, and to perform all terms as are equitable." The prayer is for judgment that defendant be ordered to execute to plaintiffs a conveyance of said property or in other words that the aforesaid agreement made by plaintiffs and defendant be specifically performed.

By his answer defendant denied making or executing the agreement set forth in plaintiffs' complaint and by way of a further and separate defense alleged that plaintiffs were placed in possession of a part of said premises as tenants at will of defendant; that said tenancy has been terminated and that plaintiffs' possession thereof was without right and against the will of defendant. By his third defense, defendant after denying the allegations contained in plaintiffs' complaint, admitted that he was indebted to plaintiffs in the sum of $168 but denied that plaintiffs offered to cancel said indebtedness and while denying that plaintiffs demanded a deed, admitted that if such demand had been made the same would have been refused. Defendant further admitted that he served a notice to vacate upon plaintiffs and that on or about

November 25, 1941, he offered to pay to plaintiffs the sum of $168 owed them but that they refused such offer.

Defendant also filed a cross-complaint in ejectment, alleging that plaintiffs were in possession of the premises in question as tenants at will under and by virtue of a verbal lease entered into on or about June 18, 1941; that said lease was terminated as of December 31, 1941, by and through a written notice served upon plaintiffs November 13, 1941, but that plaintiffs refused to surrender possession of said premises. By such cross-complaint defendant sought the recovery of $10 per day during the continuance of the alleged unlawful detention of the premises by plaintiffs. Plaintiffs' answer to said cross-complaint denied generally the allegations thereof.

The cause was tried before the court sitting without a jury, following which the trial court found that on or about May 15, 1941, the parties hereto entered into certain negotiations in the course of which defendant offered to rent to plaintiffs the property in question at a monthly rental of $60 but that said offer was refused; that on the 15th day of June, 1941, the parties did enter into the agreement set forth in plaintiffs' complaint in the manner and upon the terms as alleged in said complaint. The court further found that pursuant to their agreement plaintiffs did pay five monthly installments of $50 each on the encumbrance upon the property the last of which payments was made on November 1, 1941, but that on or about November 15, 1941, defendant notified the bank to whom such payments were to be made that he would personally pay all future installments on said encumbrance and directed the bank not to accept future payments from plaintiffs. With reference to the fairness and adequacy of the consideration the court found that ''at the time of said agreement the fair and reasonable value of said property was the sum of $5,000; that the consideration named in said agreement is fair, full and adequate, and said agreement was and is in all respects just, fair and reasonable to said defendant and no advantage was taken of said defendant.'' By its judgment the court directed that upon cancellation of the obligation for $168 owing from defendant to plaintiffs and upon the payment by plaintiffs to defendant of the sum of $332 and the assumption by plaintiffs of the balance due on the encumbrance of $4,900 upon which plaintiffs had paid the sum of $250 leaving a balance of $4,650, that the defendant specifically perform his agreement with plaintiffs by execut-

ing and delivering to them a good and sufficient deed of quit claim to the property in question. From such judgment defendant prosecutes this appeal.

As a first ground of appeal it is contended by appellant that the complaint fails to state a cause of action for specific performance of the contract in question. In support of this argument it is urged that the allegation as to the fair and reasonable value of the property refers to the date when the action was filed and not to the adequacy of the consideration at the time the contract was made (Subdivision 1, section 3391, Civil Code; *O'Connell* v. *Lampe,* 206 Cal. 282 [274 P. 336]; *Morrill* v. *Everson,* 77 Cal. 114 [19 P. 190]; *Windsor* v. *Miner,* 124 Cal. 492 [57 P. 386]; *Haddock* v. *Knapp,* 171 Cal. 59 [151 P. 1140]). With this claim of appellant we can not agree because the court specifically found that "at the time of said agreement the fair and reasonable value of the property was the sum of $5,000; that the consideration named in said agreement is fair, full and adequate." This appeal comes before us on the judgment roll. It is the rule in this state that upon a direct appeal from the judgment on the judgment roll alone it will be presumed in support of the judgment that all the objections to the evidence in support of the findings were waived (*Crowther* v. *Metalite Mfg. Co.,* 133 Cal.App. 452, 455 [24 P.2d 551]), and that the facts were treated by all the parties as issues properly before the court at the trial. If the entire record were before this court a different situation might be presented (*Peck* v. *Noee,* 154 Cal. 351, 354 [97 P. 865]; *McDougald* v. *Hulet,* 132 Cal. 154, 163 [64 P. 278]; *Krasky* v. *Wollpert,* 134 Cal. 338, 343 [66 P. 309]; *Beardsley* v. *Clem,* 137 Cal. 328, 332 [70 P. 175]; *Illinois T. & S. Bank* v. *Pacific Railway Co.,* 115 Cal. 285 [47 P. 60]; *Sukeforth* v. *Lord,* 87 Cal. 399 [25 P. 497]; *Moore* v. *Campbell,* 72 Cal. 251 [13 P. 689]; *Horton* v. *Dominguez,* 68 Cal. 642 [10 P. 186]). The rule is thus stated by our Supreme Court in *Poledori* v. *Newman,* 116 Cal. 375 [48 P. 325]: "If objection to the introduction of any evidence had been made upon the ground that the defect to which it related was not alleged in the complaint, the court would have permitted plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the

ground that the evidence sustaining it was inadmissible upon the issues presented by the pleadings.'' ▉ Where a matter has been treated as in issue at the trial, and a finding made upon that issue, the complaint then becomes immaterial and a judgment based upon findings supported by the evidence will be upheld even though a demurrer to the complaint should have been sustained (*Baker* v. *Miller*, 190 Cal. 263, 267, 268 [212 P. 11]).

▉ By its findings herein the court determined that respondents agreed to pay appellant $500 for real property of a reasonable value of $5,000 subject to an encumbrance of $4,900, or in other words, appellant was to receive $500 for an equity of $100. We perceive nothing unfair or unjust in this finding.

▉ What we have just said applies with equal force to appellant's claim that the complaint fails to set forth sufficient facts in support of respondent's allegation therein as to the adequacy of consideration. A long line of cases supports the rule that in a case to compel the specific performance of a contract it must be made to appear by affirmative allegations that the consideration was full and adequate. To merely state the legal conclusion of such adequacy is not enough (*Morrill* v. *Everson*, 77 Cal. 114, 116 [19 P. 190]; *Prince* v. *Lamb*, 128 Cal. 120, 129 [60 P. 689]; *White* v. *Sage*, 149 Cal. 613 [87 P. 193]). Facts which support the conclusion must be pleaded. Such facts are sufficiently alleged in the amended complaint before us in which there is a specific averment that ''the consideration named in said agreement is the fair and reasonable value of said property.'' ▉ To allege that property is reasonably worth a certain sum is an averment of a fact (*Walter G. Reese Co.* v. *House*, 162 Cal. 740, 745 [124 P. 442]). While we are impressed that respondents have fully complied with their obligation to show by averment of appropriate facts that the consideration for the contract sought to be specifically enforced is adequate, we are confronted with the further fact, heretofore noted, that this appeal is presented on the judgment roll alone. ▉ As pointed out, the court made full and complete findings in favor of respondents on the issue of adequacy of consideration and found that the agreement ''was and is in all respects just, fair and reasonable to said defendant and no advantage was taken of said defendant.'' Therefore, on this appeal, taken upon the judgment roll alone, we must presume that such issues were

properly before the court at the trial and that such findings were supported by evidence introduced at the trial without objection upon the part of appellant either to the admissibility of the evidence or to the fact that such issues were properly before the trial court.

█ Appellant's contention that there is no allegation or finding of an unconditional offer on the part of respondents to perform their obligations under the contract, is answered by the admission made by appellant in his answer that if such offer had been made, accompanied by a demand for compliance by him of his covenant under the contract to execute a deed, such offer and demand would have been refused by him. Therefore, technical defects in the matter of tender become unimportant (Sec. 1440, Civil Code; *Ehrhart* v. *Mahony* 43 Cal.App. 448, 451 [184 P. 1010]).

█ Appellant's final contention, that the contract is uncertain, is without merit. We are unable to see anything uncertain in relation to this contract. By its terms appellant agreed to sell the premises to respondents, to put them in possession thereof, and to convey the same to them by deed on or before June 18, 1941, in consideration of an agreement by respondents to pay appellant the sum of $500 on or before June 15, 1944, and to assume an encumbrance of $4,900, payable at the rate of $50 per month. It is only when a contract is incomplete, uncertain or indefinite in its material terms that it will not be specifically enforced in equity (*Janssen* v. *Davis*, 219 Cal. 783, 787 [29 P.2d 196]). No such defects appear in the contract with which we are here concerned.

For the foregoing reasons the judgment is affirmed.

York, P. J., and Doran, J., concurred.