[Civ. No. 12677. First Dist., Div. One. June 12, 1944.]

ROBINSON W. UPTON et al., Respondents, v. W. A. GOULD, Appellant.

Crist & Beene for Appellant.

Douglas A. Nye for Respondents.

DOOLING, J. pro tem.—The defendant appeals from a decree of specific performance of a contract for the sale of

real property. On January 22, 1942, the parties executed a written contract of purchase and sale whereby defendant agreed to sell and convey to plaintiffs the real property in question for the sum of $4,550 "plus transfer charges such as assumption agreement, deed and revenue stamps. The above amount is to be paid as follows:

"Buyers agree to pay the sum of $75 on or before the first day of February, 1942, and a like sum of $75 on the first of each and every month thereafter until such time as the amount owing by the buyers has been reduced to conform in dollars and cents to an F.H.A. loan which is now existing on the property and which amount as of this date is approximately $3,800 and when their application for a loan has been accepted by the Federal Housing Administration. At that time the buyers may assume the F.H.A. insured loan and the seller will give to the. buyers a deed to the property. . . ."

On the date of the execution of this agreement plaintiffs had no money to make a down payment and plaintiffs contemporaneously signed and delivered to defendant an agreement "to sign over our right, title and interest in our automobile . . . to be held as security in lieu of a down payment. . . ."

There was an outstanding chattel mortgage on the automobile upon which $318.21 was then owing which defendant was to pay off, and plaintiffs by this supplemental agreement promised to repay this sum plus any additional interest and insurance, after completing the payments on the property, at the rate of $25 per month.

Subsequently on March 14, 1942, the plaintiffs executed a note for $346.83 payable on September 14, 1943, in one installment. This promissory note was secured by a chattel mortgage on the automobile.

Plaintiffs made fourteen monthly payments of $75 each pursuant to their contract. A dispute arose between plaintiffs and defendant as to whether a portion of these payments should be applied as interest at 6 per cent on the unpaid principal. The evidence was in conflict as to the discussions between the parties concerning interest, but that most favorable to plaintiffs is that nothing was said to them about interest nor was the fact that defendant was claiming the right to interest brought to their attention until about September 11, 1942, when defendant sent plaintiffs a letter show-

ing the application of a considerable portion of the monthly payments theretofore made to the payment of interest. Plaintiffs continued to pay $75 monthly thereafter until February 26, 1943, when $1,050 had been paid. The February 26th payment was for the March installment. On March 31, 1943, plaintiffs filed their complaint for specific performance.

Defendant answered setting up his claim to interest and by cross-complaint claimed a default in the payment of the March 1, 1943, installment and each and every month thereafter, asked the court to quiet his title to the real property and also sought to foreclose the chattel mortgage on the automobile.

At the trial, which was had on November 12, 1943, the parties stipulated to the payment of the fourteen installments of $75 each by plaintiffs, that the defendant was entitled to credit for fire insurance premiums paid on the property in the sum of $56.64 and taxes paid in the sum of $73.19 and a balance due on the chattel mortgage, including charges and interest, of $354.72. They further stipulated that the amount owing on the existing deed of trust as of November 1, 1943, was $3,628.63.

By its decree the trial court ordered defendant to execute and deliver a deed to the property to plaintiffs, to execute and deliver a release and satisfaction of the chattel mortgage and to transfer the title of the automobile to plaintiffs, and to execute such written consent or other documents as may be necessary to enable the plaintiffs to assume the indebtedness under the existing deed of trust, the amount to be assumed as of November 12, 1943, being $3,628.63; and further decreeing that on the tender of performance of these terms defendant is entitled to receive from plaintiffs the sum of $484.55.

We notice a claim of plaintiffs that the decree failed to allow them a credit of $128.63 to which they were entitled, only to point out that having taken no appeal they are not in a position to attack the decree in any particular. (2 Cal. Jur. 839.)

The primary dispute between the parties in the trial court was on the matter of the right of defendant to charge interest on the unpaid balance. It is the generally well settled rule that where a contract makes no provision for the payment of interest no interest can be charged or collected prior to the time that payment falls due. (*Nesbit* v. *MacDonald*,

203 Cal. 219, 222 [263 P. 1007]; *Puppo* v. *Larosa,* 194 Cal. 717, 720 [230 P. 439]; *Safeway Stores* v. *King Lumber Co.,* 45 Cal.App.2d 17, 23 [113 P.2d 483]; *Dugan* v. *Forster,* 104 Cal.App. 117, 122 [285 P. 384]; *Gibbs* v. *Mendoza,* 103 Cal. App. 183, 186-187 [284 P. 250]; *Gero* v. *Richey,* 38 Cal.App. 21, 24 [175 P. 91].) The contract here is silent on the subject of interest and the $75 monthly installments were regularly paid when due.

Defendant points to section 1 of the Usury Law (Deering's Gen. Laws, Act 3757) which provides: ''The rate of interest upon the loan or forbearance of any money . . . shall be seven dollars upon the one hundred dollars for one year . . . ,'' and claims that the contract for payment in installments constitutes a forbearance of money within the meaning of this act. The cases construing the words ''forbearance of any money'' in the Usury Law are to the contrary. ''Forbearance is 'the act by which a creditor waits for the payment of a debt due him by the debtor after it has become due.' '' (*Murphy* v. *Agen,* 92 Cal.App. 468, 469 [268 P. 480]; *O. A. Graybeal Co.* v. *Cook,* 111 Cal.App. 518, 528 [295 P. 1088].) The sale of property to be paid for in installments or in a lump sum at an agreed future date is not under these decisions a forbearance of money.

Defendant argues that there was no sufficient performance or tender of performance by plaintiffs. In their complaint plaintiffs offered to pay any balance found due by the court. The payment of $1,050 in installments had reduced the balance of the agreed purchase price below the amount due on the existing deed of trust which plaintiffs were to assume. They could not assume the debt secured by the deed of trust before the real property was conveyed to them. At the time their complaint was filed the note secured by chattel mortgage was not yet due and did not fall due until many months later. There is no showing that they were advised by defendant of the amount advanced by him for insurance and taxes. Defendant by reason of his claim for interest was claiming a considerable balance which plaintiffs were not in fact bound to pay. Under the circumstances plaintiffs did all in their power to tender performance when they offered in their complaint to pay what amount the trial court should find to be owing to defendant. (58 C.J. 1085; *Ray Thomas, Inc.* v. *Cowan,* 99 Cal.App. 140, 146 [277 P. 1086]; *Boro* v. *Ruzich,* 58 Cal.App.2d 535, 541 [137 P.2d 51].)

■ Appellant seems to argue that the original agreement to pay off the indebtedness of $318.21 arising from defendant's advancing that amount to clear title to the automobile remained in force, and plaintiffs were bound to pay $25 per month under its terms. It is too clear for argument that this agreement was superseded by the promissory note and chattel mortgage of March 14, 1942, which was payable by its terms in one lump sum of $346.83 on September 14, 1943. A simple calculation shows that this sum of $346.83 represents the principal of $318.21 with interest thereon at 6 per cent from March 14, 1942, to September 14, 1943, the date of maturity. As already pointed out when suit was commenced in March 1943 this note was not due and did not fall due until shortly before the trial of this action.

■ Appellant urges that the contract was too indefinite to support a decree for specific performance. The times and terms of payment and the amount of the purchase price were clearly set forth. The agreement to assume the existing deed of trust is equally clear. (*Boro* v. *Ruzich, supra,* 58 Cal.App. 2d 535, 541 [137 P.2d 51].) The agreement to pay "transfer charges such as assumption agreement, deed and revenue stamps" falls within the rule announced in *Janssen* v. *Davis,* 219 Cal. 783, 788 [29 P.2d 196] : "There is no principle of equity requiring all the terms and conditions of the proposed agreement to be set forth in the contract. The usual and reasonable terms found in such contracts are, in contemplation of the parties, a part of such contract."

■ No proof was made of any transfer charges other than those specifically mentioned in the agreement. The decree, probably through inadvertence, was silent as to the payment by plaintiffs of such charges. The cost of the assumption agreement will in any event fall on plaintiffs since the burden is on them under the decree to assume the obligation of the existing loan. The trial court is directed to amend the decree to require plaintiffs to pay the cost of the revenue stamps required to be affixed to the deed from defendant and either to prepare the deed themselves or to pay the defendant the reasonable and necessary cost of preparing the same, and to pay the notary fee for its acknowledgment.

With such modification the decree is affirmed, respondents to recover their costs on appeal.

Peters, P. J., and Knight, J., concurred.