[Civ. No. 23704.   Second Dist., Div. Three.   Nov. 16, 1959.]

LOUIS EISENBERG et al., Appellants, v. ARTHUR M. GREENE, Respondent.

Lackman & Lackman for Appellants.

Norman A. Obrand for Respondent.

THE COURT.—Plaintiffs appeal from a judgment of dismissal based upon an order sustaining a demurrer to the amended complaint and upon the failure of plaintiffs to amend within the time allowed for amending.

There are two purported causes of action in the amended complaint.

The allegations of the first cause of action are, in substance, as follows: About April 22, 1957, defendant desired to sell, and plaintiffs desired to purchase, a certain self-service laundry business, then owned and operated by defendant in Culver City for the total purchase price of $20,000. About said date plaintiffs and defendant opened an escrow with an escrow company in Los Angeles and executed and deposited escrow instructions therein. A copy of the instructions is attached to the complaint and made a part thereof by reference. Paragraph 15 of the escrow instructions provided: "Seller warrants that all furniture, fixtures and equipment being conveyed herein are free and clear of all encumbrances of any nature whatsoever except those specifically mentioned herein." In the escrow instructions defendant agreed to sell and plaintiffs agreed to purchase the laundry business for the total purchase price of $20,000 upon the terms and conditions therein particularly set forth, and pursuant thereto plaintiffs took possession of said business and assets and ever since have been in possession thereof. Paragraph 18 of the escrow instructions provided that plaintiffs were given the option "to have" $10,000 of the seller's price secured by a conditional sales contract with discounted interest at the rate of 6 per cent payable in 30 equal monthly installments. Between April 22 and May 7, 1957, plaintiffs paid to defendant, on account of said purchase price, $10,000 in cash and paid and performed all things on their part to be paid and performed in accordance with the escrow instructions, but plaintiffs were unable, as the defendant well knew, to pay the balance of $10,000 in cash and elected to exercise the option referred to above. Plaintiffs, being then in possession of said business, notified defendant of their election and requested "of said defendant" the loan or forbearance of said $10,000, being the balance of the total purchase price, and offered to secure the same by a conditional sales contract. Defendant agreed thereto, but, as a condition thereof, demanded of plaintiffs the sum of $1,500 as discount interest for said loan or forbearance of said $10,000 and demanded that the same, including said discount interest of $1,500, be repaid in 30 equal monthly

installments, commencing June 1, 1957, which plaintiffs agreed to pay. Accordingly, about May 7, 1957, plaintiffs as buyer and defendant as seller entered into an agreement in writing entitled "Conditional Sales Contract," a copy of which is attached to the complaint and made a part thereof by reference. Said conditional sales contract provided: "The Seller does hereby covenant and agree with the Buyer, that the Seller is a lawful owner of the personal property sold under this Contract; that said personal property is free from all claims and encumbrances, except those specifically mentioned; and that Seller has good right and title to sell the same; and the Seller does hereby warrant and defend the same against the lawful claims and demands of all persons." Defendant was not the owner of said personal property on said May 7, 1957, or at any time, and the personal property was not free from all claims and encumbrances, and seller did not have any right to sell the same. I. Gordon and Associates, Inc., at all times was and is the owner of all said personal property, and on May 7, 1957, said personal property was subject to the claims of said I. Gordon and Associates, Inc., against defendant in the sum of approximately $10,486.67, being the unpaid balance upon a conditional sales contract. Between June 1, 1957, and May 1, 1958, pursuant to the terms and conditions of said conditional sales contract, defendant demanded, and plaintiffs paid to defendant, the sum of $4,600.06, in which the sum of $600 was included as interest upon said loan or forbearance. Plaintiffs did not receive any consideration or thing of value from defendant for said conditional sales contract, or for the payments thereunder, other than said loan or forbearance of said sum of $10,000. Said loan or forbearance, and agreement to sell said business as set forth in the escrow instructions, and the conditional sales contract were, and each of them was, in violation of the Usury Law of California. Defendant demanded, received, and accepted from plaintiffs interest at a rate of more than 10 per cent per annum upon said loan or forbearance for the use thereof, which was in excess of the maximum rate of interest allowed by law and in violation of said usury law. By reason of the matters alleged, said discount interest of $1,500 was and is a usurious interest charge and said loan or forbearance bears no interest. Plaintiffs have demanded of defendant an accounting of all money paid as aforesaid, the application of the same against the principal of $10,000, and the adjustment of the balance due to defendant; but the defendant has refused to comply with the demand.

The allegations of the second cause of action are, in substance, as follows: plaintiffs replead the allegations of the first cause of action; within one year last past, defendant became indebted to plaintiffs in the sum of $1,500 for money had and received by said defendant for the use and benefit of plaintiffs.

The prayer is that the court declare that the loan or forbearance of $10,000 was a usurious transaction; the same bears no interest; plaintiffs are entitled to a credit against said sum of $10,000 in the amount of $4,600.06 as of May 1, 1958, together with all other amounts paid thereon "between now" and the time of trial.

The copy of the escrow instructions attached to the complaint provides, in part: "The parties hereto agree that this sale is subject to a trial period of two weeks commencing at 5:00 P.M. Monday, April 22nd, 1957, and ending 5:00 P.M. Monday, May 6th, 1957."

The closing date of the escrow, as provided in the instructions, was May 7, 1957.

The balance of the purchase price of the business, as provided in the conditional sales contract, was $11,500. In the upper right corner of the contract, there are the following figures and words:

```
"$10,000.00   Principal
  1,500.00   Disc:
 ─────────
 $11,500.00   Total"
```

The question presented is whether the transaction constituted a loan or forbearance of money, or goods or things in action, within the meaning of the usury laws.

Article XX, section 22, of the Constitution of California (regarding rate of interest) prohibits the charging of "any fee, bonus, commission, discount or other compensation" whereby the lender will receive from a borrower more than 10 per cent per annum "upon any loan or forbearance of any money, goods or things in action." Section 2 of the Usury Law (Stats. 1919, p. lxxxiii, Deering's Gen. Laws, Act 3757) provides that any contract to pay interest of more than 12 per cent per annum "for the loan or forbearance of money, goods or things in action" shall be void as to any agreement to pay interest. Section 3 of the Usury Law provides that any person, who pays interest of more than 12 per cent per annum "for any loan or forbearance of money, goods or things in action," may recover from the person or corporation who re-

ceives the same, treble the amount of interest paid in excess of 12 per cent per annum.

In *Milana* v. *Credit Discount Co.*, 27 Cal.2d 335 [163 P.2d 869, 165 A.L.R. 621], it was said, at page 339: "A loan . . . is the delivery of a sum of money to another under a contract to return at some future time an equivalent amount with or without an additional sum agreed upon for its use. . . ."

In the present action, the amended complaint does not show that there was a delivery or loan of money by defendant to plaintiffs.

In *Murphy* v. *Agen*, 92 Cal.App. 468 [268 P. 480], it was said, at page 469: "Forbearance is 'the act by which a creditor waits for the payment of a debt due him by the debtor after it has become due.' " In the present action, the amended complaint does not show that a debt was due to defendant from plaintiffs. There was a provision in the escrow instructions that the purchase price of $20,000 was payable in cash. Also, there was a provision therein that the sale was subject to a trial period of two weeks, ending May 6. Also, there was a provision in the instructions that plaintiffs were given an option "to have" $10,000 of the purchase price secured by a conditional sales contract with discounted interest at 6 per cent payable in 30 equal monthly installments. The amended complaint shows that on May 7, after the trial period, plaintiffs elected to exercise the option, and to execute a conditional sales contract pursuant to the option provision in the escrow instructions. It thus appears from the amended complaint that there was no obligation on the part of plaintiffs to pay the purchase price in cash at the end of the trial period (close of escrow), but on the contrary plaintiffs had the privilege, at their option, of purchasing the business on credit or installment payments, covering two and a half years, whereby the total payment would amount to $21,500. It is true that plaintiffs were in possession of the business at the time they elected to make the installment contract, but it is also true that the possession was upon a trial basis and that the plaintiffs, at the end of the trial period (when they made the installment contract), could have elected not to purchase the business, or they could have elected to purchase it for $20,000 cash or to purchase it on credit whereby the total payments would amount to $21,500. It thus appears that at the time the installment contract was made the plaintiffs were not indebted to defendant and they were not impelled or pressured by

reason of a financial or other obligation to defendant to agree to purchase the business upon the credit plan. It does not appear that there was forbearance of money, or goods or things in action, within the meaning of the usury laws.

The second alleged cause of action is in the form of a common count for money had and received. It is to be noted, however, that the allegations of the first alleged cause of action are "repleaded" therein. It is apparent that the common count is based upon the same transaction set forth in the first alleged cause of action. Under such circumstances the allegations in the form of a common count do not set forth a cause of action which is legally different from the first alleged cause of action. (See *Neal* v. *Bank of America,* 93 Cal.App. 2d 678, 681 [209 P.2d 825].)

The demurrer was properly sustained.

The judgment is affirmed.